2. The deed from John Wormley toBurwell Starke, was rejected on the hearing, and the opinion excepted to. We do not perceive any valid ground on which ^ee(* VYas rejected. It was acknowledged and re. corded in the Superior Court held for the district com. posed of the counties of Frederick, Berkeley, Hamp. s^r<>" Hardy and Shenandoah, within less than a month after ic was executed. The copy offered in ev. idcnce, is certified by the clerk of the superior court of law for the county of Frederick, and keeper of the °®' the district court composed of the afore«hid counties, under his private seal, there being no seal of office, and the presidingjudge of the last nam. e,j COurt, annexes his certificate, staling that the cer. tificate of the clerk and keeper of the records, is in due form of law. With these authentications, we con. ceive the writing ought to have been admitted as sufi *77 iiciently authenticated, as a public act of one of the courts of Virginia. We attach no importance to the officer who certifies it, not stiling himself clerk of the district court, because he states himself to be keeper of the records of that court. It is therefore presumed, that the district court was abolished, or that the laws ot that state have placed the records thereof in the cus tody’of another clerk, who of necessity must certify them, or their testimony could never thereafter be heard. '
We shall therefore proceed to consider the case with that deed admitted, and thus try the merits of the decree.
3. The jurisdiction of the chancellor, is objected to, -on the ground, that the complainant below, liad rem edy at law. Had Hugh Wallace Wormley, possessed the absolute or lega! title to the slave in question, or Ills mother, at the dale of the marriage settlement, e.ntered into between him and the complainant Strode; or had the trust vested in Burwell Starke, terminated before this suit, no, reason could be assigned for resor. ting to a court ot Chancery in this instance, as the remedy at law in favor of Strode as trustee, against a stranger, would have been complete. But by an ex~ amination of the deed from John Wormley to Burwell Starke, in 1794, it will be seen that Esther, with othei estate, was conveyed in trust, for the use and benefit of the wife of John Wormley and his children, and that this trust has not yet terminated, notwilh. standing the death of Burwell Starke, the trustee; and th e bill alleges that the slaves had not been divided between the wife of John Wormley and her children by the assent ofthe trustee, Starke, or his represen tatives, and that they had only been divided by the wife and children themselves, by an arrangement between them, which had never been ratified. Under such cumst-ances, Strode, the complainant in this suit, can only he considered the trustee of an use or equity in the slaves, without the legal estate ; andas such, we cline to the opinion that a. resort to a court of chance ry to procure a legal division, and a restoration of Tom, and an account of his hire, was proper on behalf of Strode, who could not produce a legal title. We deem it unnecessary to enquire further into the valid jty and effept of the deed from John Wormley to Bur. *78 well Starke; for it is the instrument which gave any to Hugh Wallace Wormley, under whom, both Strode and Churchill, the main parties to this contro. versy, claim, theformer by deed of trust or marriage settlement, prior in date to the claim set up by the under an execution against Hugh Wallace Wormley. The question then, must ultimately rest upon the validity of the deed or marriage settle-merit, executed by Hugh Wallace Wormley to Strode,
Adeed certiginia^nd corded in the proper counstate^not ■within the time presenbuttwo1^’ vearsbefore the issuing of the execution, which on the pro-petty, does notprot'ct ■-. claims’o 6 creditors or render the -hmff’s sale inVa,id*
*78 4 A® *■ 'hurchiil is admitted by both parties to claim under a creditor, who, by execution, sold the slave, it is necessary that the marriage settlement should have |)eeti legally recorded.
According to the second section of the act reguía, ting conveyances, l Litt. 568, which accords with a provision of a Virginia act, in force long before and at $¡ie separation between this state and tíiat, “ no cove, llant or agreement made in consideration of marriage, shall be good against a purchaser for valuable considoration, not having notice thereof, or any creditor,’3 tl!l*css ^ acknowledged or proved before the proper within eight months after it is entered into and be lodged with the clerk to be there recorded. Now ^ will be seen by an inspection of this deed, that it nc*^er I,rove^ nor acknowledged till 1811, four ’years at least after its date, when it was proved by three w itnesses, and admitted to record in the court for t])e colm|y 0f Frederick, and in Febsuary 1812, about tw() y,.ars before the slave was sold, it was produced ^lc clerk of Hardin county, in this state, and on the credit of the testimonials thereon endorsed, from Virginia, was here admitted to record. Suppose then, ^lat we assume '* as correct, that the laws of Virgin, ia remain in this respect as they did at our separation, it is evident, that the recording of the deed at the *’mo was attempted, was of no force. The recording at that, period was by the proof of witnesses, and although the decision of the supreme court of that state admits a deed,, acknowledged at any subsequent peri. 0{| a^er uie eight months had expired, to be as valid as a deed dated at the acknowledgment; yet we are aware of no decision of that state, which has made a recorded on the proof of the ancient attesting witnesses, a valid deed of record, from the date of the probat. Certainly, then, the recording of this deed *79 In Virginia, and its subsequent admission to record here, on the credit of that probat, cannot make it valid against a creditor under the provisions of the sta. tute quoted. It is true, there is proof in this cause, that Churchill knew of the deed before he purchased ; but we do not conceive, that notice in this case, can affect him He claims under a creditor who had no notice, or if he had, was not affected by it, and any, or every creditor, is exempted from the effects of such a deed. Against the, claim of Churchill, then* the marriage settlement of Hugh W. Wormley, ought not to prevail.
in such case, proving (hat cerchassheriff’s sale haii actual notice of the waf not aid’ the claimant under the acfof a'ss^ bly renders such deeds creditors aU wheresláves have been conveyed in benefit o/ 6 several, the cesque trusts ^¿Xrven* ti0n of the * trustee, div‘de tlle use \ad~ the slaves allotted to w'toexecutio» for the debts of pec ive
5. To this it may be objected, that as the legal es. tate is in the representatives of Burwell Starke, and Strode only professes to hold an equity, there was necessity for recording this deed. To this, we an swer, that the statute makes no difference between es tates held by legal, and those by equitable titles. The conveyance of either must be recorded to make it va. lid against creditors or purchasers without notice. If the interest conveyed, is of such a character as to be reached by execution, the deed must he acknowledged or proved and deposited to be recorded in the proper oilice in due time, to protect it. As this deed is, and must be, incompetent to protect any interest which might be sold by execution, the only remaining inqui ry is, was the interest of Hugh Wallace S\ ormley, in Tom, of that character ?
By the deed of his father to Starke, he became the cestui que trust of an undivided interest in Esther and other slaves. By amicable agreement between him, and his mother and brother and sister, for whose ben. ©fit Starke held them, they were divided, and each ap pears satisfied with the. division ; and we conceive it was competent for them to do so. For although with, out the consent of the trustee, they could not sever the legal estate, or give to each other a complete legal ti tie, yet they might divide the use in such manner that each could bold in severalty, a separate interest, and be responsible for what he held, and not come on the rest for contribution, for what he might lose. Such appears to have been his interest in Tom, at the time ofthesaleto Churchill; and that such an interest liable to execution, has been expressly decided by this court, in the cases of Eastland vs. Jordan, 3 Bibb, 186, *80 and Jones vs. Langhorne, Ib. 453. It therefore clearly follows, that the deed of Strode, is invalid against the an(j ^)a(. jie coll|(i not recover in this suit.
The decree must be affirmed with costs.