## Mining Company *v.* Cullins.

A person hired by the owners of a mine in Utah to oversee the miners, and generally to control and direct its working and development, did, in the performance of his duties, some manual labor. *Held,* that for the wages due to him he is entitled to the lien conferred by sect. 1221 of the Compiled Laws of that Territory.

Error to the Supreme Court of the Territory of Utah. The facts are stated in the opinion of the court.

*Mr. Walter H. Smith* for the plaintiff in error.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson,* contra.

Mr. Justice Woods delivered the opinion of the court.

Cullins brought suit against the Flagstaff Silver Mining Company of Utah, in a district court of the Territory of Utah, to recover wages alleged to be due to him from the company for services rendered, and to subject its property to a lien therefor which he claimed attached by virtue of the statute of the Territory. The statute declared as follows :—

"Any person or persons who shall perform any work or labor upon any mine or furnish any materials therefor in pursuance of any contract made with the owner or owners of such mine or of any interest therein, shall be entitled to a miner's lien for the payment thereof upon all the interest, right, and property in such mine by the person or persons contracting for such labor or materials at the time of making such contract. Said lien may be enforced in the same manner and with the same effect as a mechanic's lien, as provided by the laws of Utah." Compiled Laws of Utah, sect. 1221.

The answer of the company denied that anything save a small balance was due, and that the statute gave him a lien on its property therefor.

The case was submitted to the court upon the issues of fact as well as of law.

The court found that the company, a corporation organized under the laws of Great Britain, was, at the time the services were rendered, the owner of and engaged in working a mine

called the Flagstaff Mine, situate in that Territory, and that one J. N. H. Patrick was the general agent and manager of the company's mining and smelting business in America; "that on or about the fourteenth day of December, 1873, the said company, by said J. N. H. Patrick, its agent, for that purpose duly authorized, employed the plaintiff for an indefinite time thereafter to direct the *work* in its said mine, and with authority to employ and discharge miners, and procure and purchase supplies for working said mine; that it was the duty of the plaintiff, by virtue of said employment, to plan, oversee, and direct the work in said mine, direct the shipping of ore, and generally to control and direct the actual working and development of the mine; that the plaintiff, while in the employment of said company, performed said duties, and in the performance thereof did some manual labor;" and that, at the commencement of the suit, there was due to the plaintiff from the mining company $1,530 for wages earned by him under said employment. The court gave judgment for that sum, and declared it to be a lien upon the mine.

From this judgment an appeal was taken to the Supreme Court of the Territory, by which it was affirmed.

The company prosecutes this writ of error, and alleges that the courts below erred in declaring the judgment in favor of Cullins to be a lien on the mine. The precise question presented is, whether his services for the company were such "work and labor" as under the statute entitled him to a lien therefor upon the mine.

Statutes giving liens to laborers and mechanics for their work and labor are to be liberally construed. *Davis* v. *Alvord*, 94 U. S. 545. The finding of the District Court makes clear the character of the services rendered by the defendant in error. He was not the general agent of the mining business of the plaintiff in error. That office was filled by Patrick. He was not a contractor. His services were not of a professional character, such as those of a mining engineer. He was the overseer and foreman of the body of miners who performed manual labor upon the mine. He planned and personally superintended and directed the work, with a view to develop the mine and make it a successful venture. His duties were similar to

those of the foreman of a gang of track hands upon a railroad, or of a force of mechanics engaged in building a house. Such duties are very different from those which belong to the general superintendent of a railroad, or the contractor for erecting a house. Their performance may well be called work and labor; they require the personal attention and supervision of the foreman, and occasionally in an emergency, or for an example, it becomes necessary for him to assist with his own hands. They cannot be performed without much physical exertion, which, while not so severe as that demanded of the workmen under his control, is nevertheless as really work and labor. Bodily toil, as well as some skill and knowledge in directing the work, is required for their successful performance. We think that the discharge of them may well be called work and labor, and that the District Court rightfully declared the person who performed them entitled to a lien under the law of the Territory.

We have examined all the cases cited by the plaintiff in error. None of them seem to be inconsistent with the views we have expressed. They decide that an architect and superintendent of a building; that a person employed to cook for men engaged in constructing a reservoir; that a contractor for the building of a railroad or the erection of a house; that the assistant chief engineer of a railroad company; that agents employed to disburse money and pay off the hands who are building a house, — are not, under laws similar to the statute of Utah, entitled to a lien for their services. *Foushee* v. *Grigsby*, 12 Ky. 75; *McCormack* v. *Los Angelos Water Co.*, 40 Cal. 185; *Aikin* v. *Wasson*, 24 N. Y. 482; *Blakey* v. *Blakey*, 27 Mo. 39; *Caldwell* v. *Bower*, 17 id. 564; *Brockway* v. *Innes*, 39 Mich. 47; *Peck* v. *Miller*, id. 594.

The case which comes nearer supporting the contention of the plaintiff in error than any other is *Smallhouse* v. *Kentucky, &c. Co.*, 2 Mon. T. 443. But in that case the court says, that "from the nature of the plaintiff's employment, as averred by himself, it does not appear that he was an architect or laborer, or that he labored directly in the construction of the buildings, but rather that he was employed by the corporation at a fixed salary to manage and superintend its affairs at the

place named." That case is fairly distinguishable from the one now under consideration; but even if it fully supported the contention of the plaintiff in error, it is entitled to no more weight than the decision of the Supreme Court of Utah in the present case.

Views similar to those we have expressed were declared by Williams, C. J., in *Willamette Falls Transportation & Milling Co.* v. *Remick* (1 Oreg. 169), and by the Supreme Court of Nevada in *Capron* v. *Strout*, 11 Nev. 304.

It is somewhat difficult to draw the line between the kind of work and labor which is entitled to a lien, and that which is mere professional or supervisory employment, not fairly to be included in those terms. Some courts have held, under laws similar to those of Utah, that an architect who furnishes plans and superintends the erection of a building acquires a lien thereon as for work and labor. *Stryker* v. *Cassidy*, 76 N. Y. 50; *Mutual Benefit Life Insurance Co.* v. *Rowand*, 26 N. J. Eq. 389; *Jones* v. *Shawhan*, 4 Watts & S. (Pa.) 257; *Bank of Pennsylvania* v. *Gries*, 35 Pa. St. 423; *Knight* v. *Morris*, 13 Minn. 473.

It is not necessary in this case to go so far as these decisions would warrant. But we are clearly of opinion that, upon the facts found by the District Court, the defendant in error, under the statute of Utah, was entitled to a lien upon the mine to which his services were applied. The judgment of the Supreme Court of Utah must, therefore, be

*Affirmed.*