## MARTIN ALESINA, APPELLANT, *v.* JOHN C. STOCK AND ABRAM MARTINETTI, RESPONDENTS.

LIEN FOR WORK—*Filing of account for same.*—A complaint in an action to foreclose certain liens for work and labor performed on a mine, showed that the accounts for said liens had not been filed with the county clerk and recorder until forty-five days after the work had been performed. A demurrer to the complaint was sustained. *Held*, that the complaint showed on its face that the liens were barred, under section 2 of an act of the extra session of the Fifteenth Legislative Assembly, approved September 14, 1887; and that the demurrer was properly sustained. (*Alvord* v. *Hendrie*, 2 Mont. 115, cited.)

*Appeal from the Third Judicial District, Madison County.*

*Campbell & Duffy,* for Appellant.

We respectfully submit that the complaint in the above cause did state facts sufficient to constitute a cause of action. The statute of Montana Territory, giving to those who perform labor or work upon a mining claim a mechanic's lien for such work and labor, was strictly complied with by the above plaintiff as set out in said complaint. All the statutory requirements necessary to be done and performed by the above-named plaintiff to entitle him to the benefit of such mechanic's liens were intelligently set out and pleaded in said complaint; therefore we submit the demurrer should have been overruled.

*Henry N. Blake,* for Respondents.

The statutes of the Territory require the accounts claimed by appellant to be filed within forty-five days after the labor has

been performed. (Laws, Fifteenth Extra Session, p. 71, amending § 821.) The accounts form parts of the complaint and were not filed within the time prescribed by law. The right of appellant and his co-claimants is derived from the statute, and is lost by the failure to file the accounts for labor within the specified time. (Kneeland on Mechanics' Liens, § 170, and cases cited; *Alvord* v. *Hendrie*, 2 Mont. 115, 122; *Davis* v. *Alvord*, 94 U. S. 545, 547; *Schulenburg* v. *Gibson*, 15 Mo. 281, 285; *Patrick* v. *Ballentine*, 22 Mo. 143, 148; *Mulloy* v. *Lawrence*, 31 Mo. 583; *Hilliard* v. *Allen*, 4 Cush. 532, 536; *Hauptman* v. *Catlin*, 20 N. Y. 247; *Spencer* v. *Barnett*, 35 N. Y. 94; *Gilson* v. *Emery*, 11 Gray, 430; *Van Winkle* v. *Stow*, 23 Cal. 458.) Martin Alesina performed labor in hauling ore and wood and making trips to Butte and Silver Star for the lessee of Stock, respondent. The statute gives no lien for this labor on the property of said respondent. (*McCormick* v. *Los Angeles Water Co.* 40 Cal. 185; *Trask* v. *Searle*, 121 Mass. 229; *Webster* v. *Real Estate I. Co.* 140 Mass. 526.) In *Davis* v. *Alvord*, 94 U. S. 548, Mr. Justice Field says: " It is the work of mechanics and laborers, or the material furnished by them or others, by which value is added, or supposed to be added, to property, which creates the lien under the statute, upon notice claiming its being seasonably filed in the proper recorder's office." The amendment reducing the time within which these accounts should be filed relates to the remedy, which the legislature can change. (*Terry* v. *Anderson*, 95 U. S. 628; *Woodbury* v. *Grimes*, 1 Colo. 100; *Watson* v. *N. Y. C. R. R. Co.* 47 N. Y. 157; *Bailey* v. *Mason*, 4 Minn. 546; *Frost* v. *Ilsley*, 54 Me. 345, 351; *Bangor* v. *Goding*, 35 Me. 73; 56 Am. Dec. 688; *Gray* v. *Carleton*, 35 Me. 481; *Hall* v. *Bunte*, 20 Ind. 304; *Martin* v. *Hewitt*, 44 Ala. 418, 435.)

McCONNELL, C. J.— The appellant, Martin Alesina, filed his complaint in the District Court of Madison County, for the purpose of enforcing a lien upon a certain mining claim, for work and labor performed upon said mine; also for certain accounts for similar labor of which he claims to be the owner, performed by Joseph Torisana and John Allesandri. The complaint avers that John C. Stock is the owner of the mine, but that he had leased it for a term of years to Martinetti, and that

the work and labor were performed under a contract with the said lessee. The prayer is for a judgment against Martinetti for the amount of said accounts, and that they be decreed liens upon said lode claim, and that the same be sold for their satisfaction. The respondent, John C. Stock, has alone filed a demurrer to the complaint, upon the ground, "*first,* that the same does not state facts sufficient to constitute a cause for action; *second,* that the second cause of action therein does not state facts sufficient to constitute a cause of action, in this, that Martin Alesina, therein mentioned, is not entitled to a lien under the statutes of said Territory upon the property of this defendent; *third,* that the account therein specified is not verified according to law." The accounts are filed in the office of the county clerk and recorder of Madison County, and are made an exhibit to the complaint and a part thereof. From this it appears that the complaint upon its face shows that the appellant. and Torisana ceased work September 26, 1887; that their accounts were filed with the county clerk and recorder, November 11, 1887, forty-six days after ceasing work; that Allesandri ceased work September 27, 1887, and filed his account November 25, 1887, fifty-nine days after ceasing work.

By section 2 of an act passed at the extra session of the Fifteenth Legislative Assembly of this Territory, and approved September 14, 1887, section 821 of the General Laws of the Territory was so amended that work and labor performed upon a mine was a lien for forty-five days only upon said mine, after the work and labor had been performed; and from the statement as it appears upon the face of the complaint more than forty-five days had elapsed from the completion of the work and labor in each of the accounts sued on before the said accounts were filed with the county clerk and recorded, as required by said act. It thus appears that they were barred by the Statute of Limitations at the time the action was brought. (*Alvord* v. *Hendrie,* 2 Mont. 115–122; *Davis* v. *Alvord,* 94 U. S. 545, 547.)

We deem it unnecessary to pass upon the question whether the labor performed by Martin Alesina in hauling ore and wood, and making trips to Butte and Silver Star for the lessee, was a lien upon said mine or not, as it cannot be enforced by reason of the Statute of Limitations.

As there was no defense in the court below on the part of Martinetti, and as John C. Stock had no interest in said judgment, but defended alone, upon the ground that the plaintiff sought to sell his mine for the debts of said Martinetti, the affirmance of the judgment below sustaining the demurrer filed by John C. Stock will not in any manner effect the personal judgment of the court below against said Abram Martinetti.

Appeal dismissed at cost of appellant.

*Judgment affirmed.*

BACH, J., and DE WOLFE, J., concur.