IDAHO MIN. & MILL. CO. et al. **v.** DAVIS.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1903.)

No. 894.

1. APPEAL—FINDINGS—REVIEW—EQUITY PROCEEDINGS.

Findings of the trial court in a proceeding in equity to foreclose a labor lien will not be reversed on appeal, unless they are clearly erroneous, or there is a preponderance of evidence against them.

2. MINES—SERVICES OF FOREMAN AND WATCHMAN—LIEN.

A person employed as foreman and watchman° of a mine does not perform services of a professional or supervisory character, so as to preclude him from being entitled to a lien for his services, under Sess. Laws Idaho 1893, p. 49, § 1, providing that every person performing labor in any mine shall have a lien thereon for such labor.

3. SAME—FILING OF LIEN—TERMINATION OF LABOR.

Under Sess. Laws Idaho 1895, p. 48, § 6, providing that every laborer claiming a lien for services performed in a mine must, within 60 days after the performance of the labor, file for record a claim containing a statement of his demand, the fact that it was not shown that a claimant had ceased to perform ·his duties at the time of the filing of his claim for lien did not invalidate his claim.

4. SAME—DESIGNATION OF PROPERTY.

Sess. Laws Idaho 1893, p. 51, § 7, relating to laborers' liens, provides that, in every case in which one claim is filed against two or more mines, the person filing such claim must designate the amount due him on each of the mines; otherwise, the lien of such claim will be postponed to other liens. *Held* that, where several claims and locations were owned and operated as one mine, as against the parties so uniting them, they would be treated as a single claim, and hence a lien for services was not ineffective for failure to describe the particular claim relative to which the services were rendered.

Appeal from the Circuit Court of the United States for the District of Idaho.

This action was commenced in the district court of the state of Idaho, in and for Elmore county, but upon the petition of the defendants was removed to the United States Circuit Court for the District of Idaho; the jurisdiction of that court attaching by reason of the diverse citizenship of the parties. The plaintiff (appellee herein) alleged that he was employed by the defendant corporation on August 1, 1887, as foreman of certain mines owned and operated by it in Elmore county, Idaho, at an agreed sum of $150 per month wages; that he continuously performed work and labor in such capacity in and upon the mining premises of the defendant corporation down to the time of filing the bill, namely, nine years and eight months, for which services there was due him $17,400, of which he had been paid $9,200, leaving a

---

¶ 2. See Mines and Minerals, vol. 34, Cent. Dig. § 234.

balance alleged to be due and owing of $8,200. The plaintiff further alleged that he had filed his claim of lien within the time required by the statutes of Idaho; also that the defendant Frank P. Ray had or claimed to have some interest in said mining premises, but plaintiff alleged that such interest was subsequent to his own; and he prayed that his lien be foreclosed, and the property therein mentioned be sold, and the proceeds be paid to him, with judgment in his favor for any deficiency. The answer of the defendants admitted the original employment of the plaintiff by the defendant corporation at the sum of $150 per month, but alleged that in August, 1889, it closed its mine and mill, and did not thereafter employ any one at said premises but the plaintiff, who from that time on worked merely as watchman, at the agreed salary of $75 per month. It is alleged that the plaintiff has been paid in full the amount due him for all said services. The defendant Ray, answering specially, denies that he has any interest in the property in question other than as stockholder. The court found that the plaintiff was entitled to the sum of $150 per month from August, 1887, to January 1, 1890, and to $75 per month from that time to May 1, 1897, making a total amount earned by the plaintiff of $10,900, of which $9,200 had been paid, leaving a balance due of $1,700, for which judgment was given, with interest. The lien was found to be valid, and the property ordered sold in accordance with the prayer of the complaint. From this judgment the case is appealed to this court.

Wyman & Wyman, for appellants.

Hawley & Puckett, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The findings of the court below are assigned as error. Upon the hearing before the commissioner, the defendants (appellants) appeared by counsel and cross-examined the plaintiff's witnesses, but no testimony was offered on behalf of the defendants. The findings of the court were therefore based upon the evidence introduced by the plaintiff. From this it appears that the plaintiff entered into the employ of the defendant mining company as foreman, on August 1, 1887, at $150 per month, and that he remained in such employ, in some capacity, until the time of bringing the present suit. The employment of the plaintiff is admitted by the defendants, but the amount of wages to be paid per month is disputed; the defendants claiming that, from August, 1889, the plaintiff was employed merely as watchman, at $75 per month. From the plaintiff's own testimony it is apparent that his duties were merely those of a watchman and caretaker after the year 1889; but the exact time of the change of employment, owing to the discontinuance of active work at the mine, is not clearly ascertained. The evidence does not satisfactorily establish the plaintiff's claim that he is entitled to $150 per month for the entire period, but does show that he is entitled to compensation for the services performed by him for the mining company. This compensation the court below found to be $10,900. The plaintiff admits having received $9,200, which would leave a balance of $1,700 still due to the plaintiff.

While in an equity proceeding of this character an appeal practically affords the litigants a retrial of the questions presented, nevertheless the findings of fact made by the trial court will be accorded great

weight. The appellate court will not usually disturb them, unless they are clearly erroneous, or there is a preponderance of evidence against them. In the present case there is nothing in the record to justify us in saying that the findings are erroneous. Such evidence as does appear supports the findings, and they will therefore be accepted as true.

The trial court also found that the miner's lien filed by the plaintiff against the mining property of the defendants was valid, and ordered its foreclosure. It is contended by the defendants that this claim of lien was prematurely filed, in that the plaintiff had not ceased to labor upon the premises at the time of filing the same, and that the property therein sought to be affected by the lien is not sufficiently identified or described; that by reason of the failure to comply with the statutory requirements in these particulars the lien was not valid.

The laws of Idaho provide (Sess. Laws 1893, p. 49, and Sess. Laws 1895, p. 48):

"Section 1. Every person performing labor upon or furnishing materials to be used in the construction; alteration or repair of any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power or any other structure, or who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done or materials furnished. * * *" Sess. Laws 1893, p. 49.

"Sec. 6. Every original contractor claiming the benefit of this chapter must, within ninety days, and every other person must, within sixty days, after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or in case he cease to labor thereon before the completion thereof, then after he so ceases to labor or after he has ceased to labor thereon for any cause, or after he has ceased to furnish materials therefor, or after the performance of any labor in a mine or mining claim, file for record with the county recorder for the county in which such property or some part thereof is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just." Sess. Laws 1895, p. 48.

The statutes giving liens to laborers and mechanics for their work and labor are liberally construed (Davis v. Alvord, 94 U. S. 545, 24 L. Ed. 283), and, the plaintiff's position with respect to the mine not being professional or supervisory to the degree that would preclude him from the benefits of a lien, in our opinion the duties he performed were such as to entitle him to a lien upon the property (Mining Co. v. Cullins, 104 U. S. 176, 26 L. Ed. 704); and the fact that it is not shown that he had ceased to perform such duties at the time of filing his claim of lien should not invalidate his claim, the section merely directing that "every other person must, within sixty days * * * after the performance of any labor in a mine or mining claim, file for record" a claim containing a statement of his demand.

Nor should the lien be affected for want of proper designation of the property to which it applies. Section 7 of the act above quoted (Sess. Laws 1893, p. 51) provides:

"In every case in which one claim is filed against two or more buildings, mines, mining claims, or other improvements, owned by the same person, the person filing such claim must at the same time designate the amount due him on each of said buildings, mines, mining claims, or other improvement; otherwise the lien of such claim is postponed to other liens."

Under a strict construction of this section the failure of the plaintiff to specify in his claim of lien the amount due on each claim would only postpone such lien to other specific liens, but not invalidate it; while under the liberal construction given to similar sections by courts in other states, where several claims or locations are owned and operated as one mine, as against the parties so uniting them, they may, for the purpose of the lien law, be regarded and treated as a single claim, and declared on as such. Hamilton v. Delhi Min. Co., 118 Cal. 148, 151, 50 Pac. 378; Post v. Fleming et al. (N. M.) 62 Pac. 1087; Maynard v. Ivey, 21 Nev. 241, 29 Pac. 1090.

The decree of the lower court adjudged the defendant Frank P. Ray equally liable with the defendant mining company. It is admitted by the appellee that this was an oversight in the drafting of the decree; there being no finding to that effect. The decree will therefore be modified to the extent of excluding the defendant Ray from the operation of the judgment, but in the remaining particulars the judgment is affirmed.