## HAHN v. ANACONDA GOLD MINING CO. (HERHOLD CHAIR CO., Intervener).

Pol. Code, § 2573, provides that every miner or other person who at the request of the owner of a mine shall perform labor on such mine shall have a first lien thereon prior to every other lien.

**Held,** that one hired by a mining company as general manager and superintendent who had charge of mining operations, which required his personal supervision, and required him to perform personal manual labor upon the mining property, and who actually performed manual labor upon the mining claims of his employer for the benefit, development and operation of the property, is entitled to a lien under the section for his compensation.

The employment involving services as manager and superintendent and also personal manual labor, being one entire indivisible employment, performance of the manual labor brought the whole service within the provisions of the section.

That the employee was a stockholder and director of the mining company would not preclude him from being employed by it, and from being entitled to the lien.

That the employee had received other moneys from the mining company as payment for commissions on the sale of corporate stock made by him would not preclude him from a lien for the manual services rendered, where he claimed no lien on account of such commissions.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. WIL-LIAM G. RICE, Judge.

Action by William E. Hahn against the Anaconda Gold Mining Company, in which the Herhold Chair Company intervened. Judgment for plaintiff, and defendant and intervener appeal. Affirmed.

*Robert P. Stewart* and *J. M. Hodgson,* for appellants.

The superintendent stands in place of the corporation, and to give him a lien for the kind of labor he performed might defeat the liens of the workmen and material men who actually constructed the building, and would be like giving a lien to the corporation itself. Smallhouse v. Kentucky & M. G. & S. M. Co., 2 Mont. 444; England v. Piano Co., 41 N. J. Eg. 470; Nelson v. Withrow, 14 Mo. App. 276; Stryker v. Cassidy, 10 Hun. 18; Foushee v. Grigsby, 12 Bush. 76.

*Kellar & Stanley,* for respondent.

Any person whose duties are such as to bring him in direct personal contact with the operations upon mining property, and who in the course of the performance of such duties is required to and actually does perform some manual labor, is entitled to a

miner's lien for the entire amount of his claim as provided in
section 2573 of the Political Code, as amended by laws of 1903,
p. 213, and this is true even though such duties may be super-
visory in character, such, for instance, as are required of a super-
intendent or general manager. Sutton v. Cons. etc. Co., 15 S. D.
410; Flagstaff M. Co. v. Cullins, 26 Law, Ed. 704; Gilcrist v.
Helma Co., 58 Fed. 708; Rara v. Bouscher, 12 Pac. 433; Palmer
v. Uncas, 11 Pac. 666; Capron v. Stout, 11 Nev. 304; Johnson v.
McClure, 62 Pac. 983; Friedlander v. Taintor, 104 N. W. 527;
Lockhart v. Rollin, 21 Pac. 403 (415); Idaho Mining Co. v. Davis,
123 Fed. 396. A lien filed for a greater sum than is due will not
invalidate it unless it was filed with fraudulent intent or was will-
fully false. McCormick v. Phillips, 4 Dak. 506.

,McCOY, J. The plaintiff in this case was employed by the
defendant, Anaconda Gold Mining Company, as superintendent
and general manager of said company's mines, and, upon failure
of said company to pay for the services rendered, plaintiff filed a
miners' lien under section 2573, Pol. Code. The trial court found
that plaintiff was hired by said defendant company as general
manager and superintendent; that under such employment plaintiff
had charge of mining operations which required his personal
supervision, and required him to perform personal manual labor
upon the property of said defendant; and that during a greater
portion of his said employment he was required to be upon the
mining claims of defendant, and at such times he actually per-
formed great amounts of manual labor in and upon said mining
claims for the benefit, development, and operation of said prop-
erty. While there is some conflict in the evidence as to whether
or not plaintiff actually performed any manual labor under his
said employment, still we are of the opinion that the finding of
the trial court is fairly supported and warranted by the evidence
and should not be disturbed by this court. It is not disputed but
what said defendant mining company is indebted to plaintiff in
the sum of $2,013 on account of such services. Judgment was
rendered, decreeing that plaintiff have a first lien upon the said
mining property of defendant company to satisfy said indebted-

ness. The intervener, Herhold Chair Company, holds a mortgage for $6,000 against said mines and mining property. The defendant mining company and intervener have both appealed.

As we view the record in this case, there is but one question for this court to review, and that is whether under the circumstances of the findings of the trial court plaintiff is entitled to a prior miners' lien under said section 2573. This section of our statute provides that every miner or other person who at the request of the owner of any mine shall perform any labor whatsoever on said mine shall have upon said mine a first lien prior and superior to every other lien. In Mining Co. v. Cullins, 104 U. S. 176, 26 L. Ed. 704, the Supreme Court of the United States held that a person hired by the owner of a mine to oversee the mine and generally to control and direct its workings and who did in the performance of his duties some manual labor was entitled to a lien upon the mine under the statute of Utah substantially similar to section 2573 of our Code. In Sutton v. Consolidated Apex Mining Co., 15 S. D. 410, 89 N. W. 1020, this court followed and quoted with approval this decision of the United States court. We are of the opinion, therefore, that, under the circumstances of the findings made by the trial court, plaintiff was entitled to a first and prior lien upon defendant mining company's property.

Appellants contend that the lien of plaintiff should be disallowed because plaintiff has made claim for pay for manual labor and also claim for pay as manager and superintendent all in one account, and that, if plaintiff is entitled to a lien at all, it should only be for the amount or value of the personal manual labor alone, but we are of the opinion that this contention is not tenable for the reason that the service performed by plaintiff was only one entire service, one entire indivisible employment embodying and comprehending in its performance personal manual labor of such a nature as to bring the whole employment and service within the provisions of said section 2573. The fact that plaintiff was a stockholder and director of defendant company would not preclude him from being employed by the corporation defendant in the

capacity of a manual laborer or otherwise, and would not preclude him from being entitled to such miners' lien. On the trial, defendant offered to prove that plaintiff had received other moneys from defendant as payment for commissions on the sale of corporate stock made by plaintiff. To this offer objection was made and sustained on the ground of immateriality. We are of the opinion that the ruling was proper. Plaintiff made no claim for a lien on account of such commissions.

Finding no error in the record, the judgment of the circuit court is affirmed.