## LABAY v. NORTHERN MINING & TRADING CO. et al.

(Second Division. Nome. January 10, 1914. On the Merits, May 23, 1914.)

No. 2499.

1. MECHANICS' LIENS ⬥271(1)—ENFORCEMENT—PLEADING.

The sufficiency of the complaint in a suit to foreclose a mechanic's lien must be determined by the provisions of the statute creating the lien, and if there is substantial compliance therewith it will be sufficient.

2. MINES AND MINERALS ⬥112(1)—MECHANICS' LIENS—NOTICE.

Knowledge that work and labor is being done on a mining claim, for which the laborers, under section 694, Comp. Laws Alaska 1913, are entitled to a lien, may be either positive or implied. The implication of knowledge arises when the party to be charged is shown to have had knowledge of such facts and circumstances as would lead him by the exercise of due diligence to a knowledge of the principal fact. This is the general rule especially applicable to the case here.

G. B. Grigsby, of Nome, and W. A. Gilmore, of Seattle, Wash., for plaintiff.

O. D. Cochran, of Nome, Ira D. Orton, of Seattle, Wash., and G. J. Lomen, of Nome, for defendants.

TUCKER, District Judge. This case is before me on five grounds of demurrer to the complaint. The first ground is that the words and figures "No. 1 Daniels Creek and Hunter Beach," alleged in the complaint, is, in fact, the allegation of two claims, and, as work done on one or a single claim cannot create a lien on another claim, that therefore the complaint is bad on demurrer. While this may be a good defense on the merits of the case, and ground for a motion to dismiss at the trial, if it should appear from the proof that the allegation constitutes two claims, it is no ground for sustaining the demurrer. The office of a demurrer is to raise issues of law upon the facts stated in the pleading demurred to; and it admits the truth of the facts that are relevant, and well pleaded, so far as is necessary to determine the question raised. See Boone, Code Pleading, § 42. Upon a careful reading and consideration of the complaint as a whole, I am

of opinion that the allegation above described is the allegation of only one, or a single claim.

The next three grounds of demurrer are: (1) That the complaint fails to segregate the amount of work done under the law in force prior to Session Laws Alaska 1913, c. 79, p. 308, and work done thereafter; (2) that the complaint fails to segregate work done for the purpose of mining purely and simply, and work done in development and improvement; (3) that the complaint fails to segregate work done at different periods of time.

All of these matters may and should be considered at the trial of the case on its merits; that is, when the court comes to determine whether or not the lien notice meets with the essential requirements of the statute. That is the important question; it is not so much as to what is set forth in the complaint, but whether or not the lien notice has been properly filed, and has complied with the statute with respect to its particular requirements. The complaint in the case at bar sets forth a good cause of action, and the particularity of its allegations are sufficient. Counsel for defense are urgent in their contention that the mechanic's lien law should be strictly construed; but, even though that be the prevailing rule, it does not refer so much to the statements of the complaint as to the filing and the particularities of the lien notice. There is, however, much diversity of opinion in the decisions of the courts as to whether this law should receive a liberal or strict interpretation.

"The safe rule," cited by defendants' counsel, seems to be the prevailing rule in the state courts. 20 Am. & Eng. Enc. of Law, p. 278. But it is said in Davis v. Alvord, 94 U. S. 549, 24 L. Ed. 283:

"Whilst the statute giving liens to mechanics and laborers for their work and labor is to be liberally construed, so as to afford the security intended, it cannot be too strongly impressed upon them that they must not only bring themselves by their notices, as was done in this case, clearly within the provisions of the statute, but they must be prepared, if the priority of their lien be disputed, to show a compliance with those provisions, and to fix with certainty the commencement and completion of their work, in which particulars the proof here is wanting."

It is the notice of the lien and its clear compliance with the provisions of the particular statute that is essential.

See, also, Mining Co. v. Cullins, 104 U. S. 176, 26 L. Ed. 704; Springer Land Ass'n v. Ford, 168 U. S. 524, 18 Sup. Ct. 170, 42 L. Ed. 562.

At page 968, vol. 3, of the Enc. of Pleading and Practice, there begins a review of the rules and principles which should govern the complaint in these mechanic's lien cases, the gist of which is that the complaint in such cases is subject to the rules governing in other actions; that the sufficiency of the complaint is to be determined by the statute, and if there is a substantial compliance therewith it will be sufficient. And at page 973, Id., it is said:

"The petition or complaint must set out the terms of the contract relied on to give a lien, and the particularity or minuteness with which this is done depends on the statutory provisions prescribing what the petition or complaint shall contain in this behalf."

It would seem that in some jurisdictions the statutes prescribe in what respect and with what particularity the terms of the contract shall be set out, but I do not find any such provision in our statute, and, even though there was, I can hardly conceive how the contract which is the basis of this action could have been set out more clearly and with more particularity.

The fifth and last ground of demurrer is that it appears on the face of the complaint that the work was ·completed on Sunday. I see no merit in this contention.

For these reasons the demurrer is overruled.

## On the Merits.

I am of opinion: First. That the mechanic's lien law is constitutional, including the act of 1913. Second. That the work and labor done, as disclosed by the evidence in the case, was of the ordinary class, and not for the improvement or development of the mine property, and therefore the plaintiff has no lien, except as hereinafter stated. Third. That prior to August 1, 1913, there was no contract, express or implied, of a continuous employment, and the lien notices were not filed, therefore, within the period required by the statute, and are therefore ineffective as to all work or labor done prior to such time. Fourth. It is contended by the Northern Mining & Trading Company that it had no knowledge of the work and labor done in the property in controversy, and that the evi-

dence is insufficient to establish the knowledge required under section 694 of the Code. I take a different view of this aspect of the case. It may be true that actual or positive knowledge is not shown by the evidence to have been brought home to the defendant company, but in our view of the law and of section 694 that is not necessary. Such a construction of the statute is too narrow. Knowledge in a legal sense may be positive or implied. The implication of knowledge arises when the party to be charged is shown to have had knowledge of such facts and circumstances as would lead him by the exercise of due diligence to a knowledge of the principle fact. This is the general rule especially applicable to the case here.

In the conversations recited by Mr. K. Jestor as co-owner of the property between himself and Mr. Ferrin, manager of the Northern Mining Trading Company, it is at least shown that Jestor contemplated and intended to work the property and engage labor thereon. These several conversations occurred on or about the time Ferrin was leaving Alaska, and on or about the time the work and labor was to be done, if it had not actually begun.

In addition to these conversations, the evidence shows, or tends most strongly to show, that for all intents and purposes Mr. Sheldon, Mr. Orton, and Mr. Thatcher were agents of the defendant company. They knew of the deposits placed to the credit of the company by Jestor, and it appears that two of these gentlemen at least, one of them, the son-in-law of Mr. Ferrin, had the right to check on the same. These transactions with the bank and the implied agencies covered a period of three years. I am of opinion, therefore, that under all the circumstances disclosed by the evidence the company had legal knowledge of the work and labor done by the plaintiff and his assignee and is bound thereby. This being so, and as the act of 1913 provides for a lien in such cases both for ordinary and development or improvement work, the plaintiff is entitled to judgment against the Northern Mining & Trading Company for the sum of $580.

I am of opinion, of course, that plaintiff is entitled to personal judgment against Jestor for the whole amount ascertained to be due.