## SOUTHEASTERN ALASKA MINING CORPORATION v. ZAVODSKY.
### No. 6711.
Circuit Court of Appeals, Ninth Circuit.
June 24, 1932.

H. L. Faulkner, of Juneau, Alaska, for appellant.

S. Hellenthal and Hellenthal & Hellenthal, all of Juneau, Alaska, for appellee.

Before WILBUR, Circuit Judge, and JAMES and NORCROSS, District Judges.

JAMES, District Judge.

The decree appealed from provides for the foreclosure of an alleged lien claimed on account of services performed by Frank Fremming in and about certain mining claims and property belonging to appellant. Subsequent to the entry of the decree, Fremming assigned the benefits of his judgment to appellee, Zavodsky, who was duly substituted as party plaintiff.

No question has been made as to the amount that became due to Fremming, and appellant's counsel states in his brief that the sole question presented is as to whether plaintiff brought himself within the provisions of the lien law of Alaska (Session Laws Alaska 1915, p. 29, c. 13) which refers specifically to mining property; or did his claim of lien arise solely by reason of a later law of that territory, passed in the year 1925. (Session Laws of Alaska 1925, p. 74, c. 42;. and as amended in the year 1927 [Laws 1927, c..7]). It is conceded that, if the claim of lien was properly made under the first-mentioned act, such claim was filed with the recorder within time; if the claim could only be made under the second act, then the notice of lien was not filed in time.

The work performed by the lien claimant was that of watchman and caretaker. The statement of counsel for appellant as to the question involved is hardly complete enough to furnish a full text for the argument made. He contends more particularly that the act of 1915 did not au-

thorize a lien for the work of a watchman or caretaker; secondly, that if it did, then it was repealed by the act of 1925. The second act (1925), before its amendment, provided that a person employed as a watchman for real or personal property should have a lien against the property which he was employed to protect. That act, by section 4, was first made applicable only to property "used for or in connection with the preparation of fish or aquatic animals for food, fish meal, fertilizer, oil or other articles of commerce and shall include canneries and salteries." The amendment, passed in 1927, eliminated section 4, and left the act a general one applicable to all classes of property, however used.

The act first referred to (1915) in that part important to be considered here provides as follows:

"Section 1. Every person who at the instance of the owner performs work or labor in, on or about a mine or mining claim in opening up, developing, sinking, drifting, stoping, mucking, shoveling, mining, hoisting or performs any other class or kind of work on, in or about a mine or mining claim necessary or convenient to the development, operation, working or mining thereof, or the extraction of the earth, rock, quartz, ore, minerals, or mineral bearing sands or gravels therefrom. * * *"

This act, as will be noted, applies specifically to mines and mining property. Assuming that the services of a caretaker and watchman are protected by its lien provisions, the passage of the later act (which was at first made to apply only to property used in connection with fish packing or fish canneries, and later by amendment given general application) works no repeal of the former in any part thereof. It is a most ordinary rule of statutory construction that repeals by implication are not favored, and that a statute dealing with a particular subject is not modified by a later enactment which may, by its provisions, enlarge remedies which are by the first act restricted. It seems unnecessary to cite authorities to this point, because the rule adverted to is elementary. Counsel for appellee has called attention to several federal cases under that head, notably, Missouri Pac. R. R. v. Holt (C. C. A.) 293 F. 155, and Loisel v. Mortimer (C. C. A.) 277 F. 882. Mr. Sutherland in his work on the same subject clearly sets forth the rule, with examples, in volume 1 (2d Ed.) p. 464 et seq.

We come then to the question as to whether a person employed as caretaker or watchman of a mining claim, or of property thereon located, is among those permitted under the terms of the Alaska law of 1915 to enforce a lien to secure payment of money due him. It is the law, frequently expressed in the decisions relating to the subject, that statutes giving liens to laborers and mechanics are to be liberally construed. Davis v. Alvord, 94 U. S. 545, 24 L. Ed. 283, Mining Company v. Cullins, 104 U. S. 177, 26 L. Ed. 704. Such lien claimants nevertheless are required to bring themselves within the class which it is the design of the statute to favor. Noble et al. v. Gustafson, 204 F. 69 (C. C. A. 9); Pioneer Mining Co. et al. v. Delamotte et al., 185 F. 752 (C. C. A. 9). In both of the cases last cited a lien law of Alaska affecting mines and mining property, of earlier date than either of those here in question, was under consideration. At that time that law was of narrower scope, and it may well be that the enactment of the law of 1915 was to meet the very objections found valid by the court in the two decisions just referred to. Particularly do we find in the 1915 law the added provision, after the general opening statement of section 1, the wording: "Or performs any other class or kind of work on, in or about a mine or mining claim necessary or convenient to the development, operation, working or mining thereof. * * *" This court, by Circuit Judge Morrow, in Idaho Min. & Mill. Co. v. Davis, 123 F. 396, held that under an Idaho statute, more restricted in its inclusive terms than that now considered, a watchman employed to guard mining property was entitled to a lien to secure the payment of his wages.

Mr. Lindley, in his work on Mines, volume 2 (3d Ed.) p. 629, states that the wages paid to a watchman employed "to take care of and protect mining property while it is idle have been held to satisfy the law as to annual expenditures; * * * But if there was only a naked claim to be looked after and a watchman were placed there merely to warn prospectors and thus prevent relocation, the rule would be different." He cites Lockhart v. Rollins, 2 Idaho, 540, 21 P. 413. If, as this author states, the work of a watchman is of such a character as to satisfy assessment requirements, surely that character will bring it within the Alaska statute as being a class of work "in or about a mine or mining claim necessary or convenient to the development, operation," etc.

The District Judge found that on the claims of appellant there was mining machinery, all of which was necessary or convenient to the development and operation of the mine, and that the employment of Fremming was necessary to preserve that property. He further found that no actual mining development or assessment work had been done on appellant's mining claim for more than seven years prior to October, 1931. Fremming's services were rendered between October, 1929, and March 9, 1931. The fact that work had been suspended does not, in our opinion, restrict the application of the lien statute. It can be assumed that the very purpose of the employment by appellant of Fremming was to have the property guarded and protected until such time as mining operations might be resumed. The statute, in no part of it, makes it a condition to the assertion of a lien that mining shall be in active progress.

The decree is affirmed.