**Clifton T. NEAL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22069.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 30, 1969.

Decided March 16, 1970.

Petition for Rehearing Denied
March 25, 1970.

Mr. Nicholas D. Ward, Washington, D. C., with whom Mr. George E. Hamilton, III, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Kenneth C. Baumgartner, Special Asst. to the U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT, Circuit Judge.

PER CURIAM:

On March 7, 1968, appellant was convicted on all 14 counts of an indictment which included four counts of selling cocaine and two counts of selling heroin not pursuant to a written order (26 U.S. C. § 4705(a) (1964)), four counts of selling cocaine and two counts of selling

heroin other than in or from the original stamped package (26 U.S.C. § 4704(a) (1964)), and two counts of facilitating the concealment and sale of illegally imported heroin (21 U.S.C. § 174 (1964)). He was sentenced to ten years' imprisonment on each count, the mandatory minimum sentence required by the statutes for repeat offenders (21 U.S.C. § 174 (1964) and 26 U.S.C. § 7237(c) (1964)), with the sentences to run concurrently.

Since appellant on appeal argued that the due process and self-incrimination clauses of the Fifth Amendment precluded his conviction, we deferred final disposition of this case pending the Supreme Court opinions in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), and Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed. 283 (1969). The Supreme Court having resolved these contentions adversely to appellant, we affirm his conviction.*

Affirmed.

* The record shows that appellant, after trial but before sentencing, moved for a mental examination on the ground of his addiction to narcotics. On the day following denial of his motion for a mental examination, he moved for a new trial, offering to show that he was in Baltimore during the period in which three of the six narcotics sales were made. He argued that this evidence was newly discovered in the sense that he had previously failed to remember it because of his addiction which resulted in his taking narcotics regularly following his arrest and during his trial.

At no time before the trial court or this court has appellant argued that he was incompetent to stand trial by reason of his addiction, in spite of the fact that in Hansford v. United States, 124 U.S.App. D.C. 387, 365 F.2d 920 (1966), we held that the trial court is required to make a determination of the defendant's competence if it is shown that he was taking narcotics during trial. Under the circumstances, we do not deem it necessary to delay again disposition of this appeal pending a resolution of the competency issue. Since that issue is a constitutional one, it may be raised by a motion under 28 U.S.C. § 2255 (1964). Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

BAZELON, Chief Judge (dissenting):

I would remand this case for a new trial. The convictions here all arise out of six sales of narcotics to the same police undercover agent. The defense at trial was mistaken identity; appellant's counsel made much of discrepancies between the agent's description of the man who had sold him narcotics and appellant's actual appearance.[1] Appellant himself took the stand and denied having made the sales, but disclaimed any memory of his whereabouts at the times involved. After trial but before sentencing, he moved for a mental examination on the grounds of his 15-year addiction to narcotics;[2] the day following denial of that motion, he moved for a new trial, offering evidence to show that he was in Baltimore during the period in which three of the six sales were said to have occurred.[3] He explained his failure to have remembered this information before as a consequence of his ad-

[1]. Appellant at the time of trial was 44 years old and wore a black moustache; the agent's initial report had stated that he had purchased narcotics from a man 32 to 34 years old with a "grayish" moustache. The jury was obviously troubled about the question of identity, and at one point sent in a note requesting more information.

[2]. Appellant had been twice previously convicted of narcotics offenses and his habit required 10 to 15 capsules of heroin per day.

[3]. Appellant offered to support his story with testimony from his probation officer, his wife, and a number of relatives and friends whom he had visited while in Baltimore; he also produced a telephone bill showing calls said by his wife to have been made by her to appellant at his aunt's home in Baltimore during the period in question. His attorney had contacted several of the persons concerned and confirmed their testimony; he also suggested that others, known to appellant only by their first names and by sight, might be located if he were released in order to find them.

That the proffered alibi was for less than all of the six sales in question does not seem particularly relevant. All of the sales were made to the same agent; and

diction,[4] and stated that he had been taking narcotics regularly following his arrest and throughout his trial.[5] The government opposed the motion, primarily on the ground that appellant had not shown due diligence in searching out the information, and it was denied.

I believe this case is controlled by Hansford v. United States.[6] We there held that, even though the defendant had previously been found competent to stand trial after a psychiatric examination, the trial court was required *sua sponte* to make a proper redetermination of his competence when it learned that he was taking narcotics during trial.[7] I can see no escape from Hansford in this case;[8] upon learning that appellant had been taking drugs during his trial, the District Court was under a duty to order an examination of his mental condition [9] so that a prompt determination of his competence could be made.[10] At this late date, a *nunc pro tunc* determination of competence is no longer feasible;[11] we should therefore reverse and remand this case for a new trial, rather than requiring an unrepresented defendant to start up the hill once more by filing a § 2255 motion from jail.

it seems likely that if the jury accepted the claim of mistaken identity as to one or more of the sales, they would accept it as to all.

4. In Hansford v. United States, 124 U.S. App.D.C. 387, 389, 365 F.2d 920, 922 (1966), we noted:

Current medical knowledge indicates that use of narcotics often produces a psychological and physiological reaction known as an acute brain syndrome, which is a "basic mental condition characteristic of diffuse impairment of brain tissue function." The characteristic symptoms of the syndrome are impairment of orientation; impairment of memory; impairment of all intellectual functions including comprehension, calculation, knowledge and learning; impairment of judgment; and lability and shallowness of affect.

(citations omitted).

5. Appellant was on bail from the day following his arrest through his conviction.

6. 124 U.S.App.D.C. 387, 365 F.2d 920 (1966).

7. *Id.* at 388–390, 365 F.2d at 921–923.

8. The majority refuses to consider this point because it believes that "[a]t no time before the trial court or this court has appellant argued that he was incompetent to stand trial." Of course, this was precisely the situation in *Hansford*, where we dealt with the issue and remanded the case for a new trial. But in any event, appellant's post-trial motion for a mental examination stated counsel's belief that his client was "presently suffering from a mental illness," and the trial court apparently felt that this was intended to raise the issue of competence to stand trial: its order denying the motion specifically recited that "The Court * * * had the opportunity to observe the defendant throughout the trial in the course of which the defendant took the stand in his own defense, and * * observed no evidence of incompetency. * * * *"

9. This need not, of course, cause undue delay. As we noted in *Hansford* "the trial court could have ordered a mental examination of appellant by the Legal Psychiatric Services that night with a report to be filed the next morning." 124 U.S.App.D.C. at 392 n. 15, 365 F.2d at 925 n. 15.

10. Of course a determination based solely upon observation of the defendant during trial was insufficient. As the Supreme Court said in Pate v. Robinson, 383 U.S. 375, 386, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966), "While [the defendant's] demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue."

11. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *see* Hansford v. United States, 124 U.S.App. D.C. 387, 392–393 and n. 16, 365 F.2d 920, 925–926 and n. 16 (1966), and cases cited.