In re DIRECTORS OF AMERICAN LACE & FANCY PAPER WORKS.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

CORPORATIONS—APPOINTMENT OF RECEIVER—LIENS FOR WAGES.

    The preference given by Laws 1885, c. 375, to wages of "employés, operatives and laborers" of certain domestic corporations, when a receiver is appointed, does not apply to a general manager of all the company's affairs, who exercises absolute control and supervision without interference from any other person, and who performs no manual labor nor any service other than a general supervision.

Appeal from special term, Kings county.

In the matter of the application of the directors of the American Lace & Fancy Paper Works. From an order denying a motion of Walter E. Watts, a creditor of the corporation, for direction to the receiver to pay a sum claimed to be due to him for wages as an employé of the corporation, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George Brush, for appellant.

L. Laflin Kellogg (Alfred C. Pette, on brief), for receivers.

WILLARD BARTLETT, J.  This is a proceeding for the voluntary dissolution of a corporation, in which receivers have been duly appointed. Between August 20, 1895, and June 30, 1896, and again between July 1, 1896, and May 10, 1897, the appellant, Walter E. Watts, acted as the manager of the corporation; and he claims that he is entitled to a preference for the unpaid balance of his compensation as such manager, under the provisions of chapter 376 of the Laws of 1885, which enacts as follows:

"Where a receiver of a corporation created or organized under the laws of this state and doing business therein, other than in insurance and moneyed corporations, shall be appointed, the wages of the employés, operatives and laborers thereof shall be preferred to every other debt or claim against such corporation, and shall be paid by the receiver from the moneys of such corporation which shall first come to his hands."

The learned judge at special term was of the opinion that the appellant was not either an employé, operative, or laborer, within the meaning of the statute, and therefore denied his application for an order directing the payment of his claim by the receivers. We think the view of the court below was correct. The motion papers do not specify what were the duties undertaken by the appellant during his first period of service, but merely state that he "was employed by the said corporation as manager thereof, at the weekly wages of forty dollars, payable at the end of each and every week." During the second period of service, however, he acted under a written agreement, whereby he undertook to "diligently and faithfully serve the said American Lace and Fancy Paper Works during the term of one year, as manager of every branch and department of the American Lace and Fancy Paper Works," and in such capacity to "devote his entire time and services to the supervision and management of the business of the said American Lace and Fancy Paper Works, to the best of his ability." Under this employment, according to the affidavit of one of the receivers, the said Watts exercised absolute control and supervision over the affairs of the company, without interference or supervision by any other person whatsoever, having under him a foreman in the manufacturing department, who received orders from him, and from no one else. It also appears by the same affidavit that the appellant did not in any way engage in the performance of manual labor, or render any other service than a general supervision of the affairs of the company. As the appellant, in his own affidavit, makes no distinction between the character of the

work which he did as manager during the first period and the character of that which he did during the second period, it may fairly be assumed that there was no difference.

In the case of People v. Remington, 45 Hun, 329, affirmed on opinion of the general term, 109 N. Y. 631, 16 N. E. 680, it was squarely held that the superintendent of a corporation was not entitled to a preference under the act of 1885. Referring to this decision, in Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915, Andrews, C. J., said that the superintendent was substantially an officer. It seems to me that the same view should be taken of the position of manager in the case at bar. The appellant, with reference to the conduct of the business of the corporation, stood as the representative of the company, and would not be termed, in ordinary parlance, an "employé, operative, or laborer." While the word "employés," in the statute, means something more than operatives and laborers, it is settled that it does not include every person in the employment of a corporation; for, if it did, the claim of the general superintendent in the Remington Case could not have been excluded. While it is extremely difficult to lay down any exact rule stating precisely what sort of service it comprehends, it may be said generally that the term "employés" includes persons employed by a corporation in comparatively subordinate positions, who cannot correctly be described either as operatives or laborers; such, for example, as bookkeepers, clerks, salesmen, and agents engaged at a regular compensation in soliciting orders for goods. No definition, however, can well be adopted which would be broad enough to include a person exercising such a control over the affairs of a corporation as was exercised by the appellant in this proceeding.

The order of the special term should be affirmed. All concur.

Order affirmed, with $10 costs and disbursements.