### In re LAWLER et al.

#### (District Court, D. Washington, W. D. June 22, 1901.)

BANKRUPTCY—DEBTS HAVING PRIORITY—WAGES UNDER WASHINGTON STATUTE.
   Section 5919, 2 Ballinger's Ann. Codes & St. Wash., providing that "every person performing labor for any person, company or corporation, in the operation of any railway, canal or transportation company, or any water, manufacturing, or mining company, sawmill, lumber, or timber company," shall have a prior lien for wages due for labor performed during the six months preceding the filing of the claim therefor, is sufficiently broad to include all persons who give their time for hire in the operation of any of the companies named; and a traveling salesman for a lumber company is within its provisions, and on the bankruptcy of the company is entitled to priority of payment for wages earned within the preceding six months, under Bankr. Act 1898, § 64b, cl. 5.

In Bankruptcy. Hearing on the claim of R. E. Rogers to be preferred as a creditor to the amount of $563, due for wages.

Greene & Griffiths, for claimant.

HANFORD, District Judge. By the uncontradicted evidence it appears that the claimant, R. E. Rogers, was employed by the bankrupt at a salary of $150 per month between September 20, 1899, and July 20, 1900, and that on the latter date there was an unpaid balance of $563 for wages earned under his contract within a period of six

months next preceding the initiation of the bankruptcy proceedings herein. The disputed question in the case is whether or not Mr. Rogers is entitled to a lien upon the assets in the hands of the trustee for the entire amount of his demand, by virtue of section 5919, 2 Ballinger's Ann. Codes & St.; that section being a reprint of the first section of a statute of this state enacted in the year 1897 (Laws 1897, p. 55), entitled "An act providing for a lien for employés," and it reads as follows:

"Every person performing labor for any person, company or corporation, in the operation of any railway, canal or transportation company, or any water, mining or manufacturing company, saw mill, lumber or timber company, shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of its business, to the extent of the moneys due him from such person, company or corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor, as hereinafter provided; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."

While the amount of the debt is undisputed, the trustee contends that the statute should be construed narrowly, so as to limit its application to those who perform manual labor in the operation of railroads, canals, mines, sawmills, and other factories; and a number of adjudged cases have been cited, holding that statutes giving a preference to claims of laborers for their wages should be interpreted by giving to the word "labor" a restricted definition, signifying manual toil for hire. But the legislature of this state has declared a different policy. The general statute providing for liens of mechanics and material men contains a section providing that:

"The provisions of law relating to liens created by this chapter and all proceedings thereunder, shall be liberally construed with a view to effect their object." 2 Ballinger's Ann. Codes & St. § 5917.

The title of the act of 1897 indicates an intention to treat all the employés of railroad and transportation companies, milling and other manufacturing corporations, with equal favor. If the terms used in the body of the statute left its meaning obscure, it would be proper to refer to the title of the act for a key to the solution of any difficult question affecting its interpretation. The word "employés" is of broad significance, including any person who gives his time for hire. It is my opinion that the title of this statute was not chosen in a careless manner, but with a deliberate purpose to aid in giving the enactment a true interpretation in accordance with the intention of the legislature to insure to the employés of corporations in this state payment of their wages by subjecting the entire assets and franchise of every industrial corporation to a prior lien in favor of employés. A careful reading of the statute also leads to the conclusion that the legislature selected its words with care, to accomplish the purpose expressed in the title. The statute does not in terms restrict its beneficence to persons performing labor in the operation of railways, canals, mines, sawmills, and factories, but is much more comprehensive. The lien is given to every person performing labor in the operation of any railway, canal, or transportation company, or any water, mining, or manufacturing company, sawmill, lumber, or

timber company. Therefore all participants in carrying on the operation of the several different kinds of companies mentioned are entitled to liens. The bankrupt in this instance carried on business as a sawmill and lumber company, and its operations included the manufacturing of logs into lumber, and the marketing of the manufactured product. In going from place to place to find a market for the lumber manufactured by his employer, Mr. Rogers was aiding in carrying on the operation of a lumbering company; and there is no good reason for discriminating against one so employed, by assuming that his services can be efficient without requiring any labor on his part. Success in the calling of a traveling salesman requires skill, energy, and perseverance; and in going from place to place, seeking customers, these traveling salesmen have to make considerable physical exertion. Therefore I consider that one who is employed by a lumber company as a traveling salesman, within the strict letter of the statute, belongs to the class of persons entitled to liens for their wages. It is true that the earlier statutes giving liens for wages were more restricted in their terms than the statutes of this state are now, and that the courts were inclined to construe all such statutes strictly; but the tendency shown by the successive legislative enactments has been in the direction of equality in affording protection to all wage earners, and the disposition of the courts is to march in step with the legislative branch of the government, and to judicially expound and enforce the laws in accordance with the legislative will. Mining Co. v. Cullins, 104 U. S. 176–179, 26 L. Ed. 704; Stryker v. Cassidy, 76 N. Y. 50, 32 Am. Rep. 262, and note. Section 64b of the bankruptcy law provides that debts owing to any person who by the laws of the states or the United States shall be entitled to priority shall be paid in full out of the bankrupt estate in the order of payment therein specified; and, by virtue of this provision of the law, I direct the trustee to allow the full amount of this claim as a preferred debt, of the rank indicated by clause 5 of the section referred to.