[No. 5763. Decided January 9, 1906.]

CORS & WEGENER, *Plaintiff,* v. BALLARD IRON WORKS, *Defendant,* RAILWAY AND STEEL SUPPLY COM-PANY, *Appellant, and* JOHN S. DARVILLE *et al., Respondents.*[1]

RECEIVERS—CLAIMS FOR LABOR—ALLOWANCE—CORPORATIONS—EM-PLOYMENT OF STOCKHOLDERS—MEETINGS—RESOLUTIONS—EFFECT. Upon the receivership of an insolvent corporation, a general creditor can-not defeat the allowance of preferred claims for labor, performed by various stockholders in the capacity of employees within six months from the appointment of the receiver, by an objection to the validity of a stockholder's resolution fixing certain compensation for such stockholders, where there was sufficient evidence to sustain the find-ing that the resolution was never acted upon by the corporation, and was waived by the stockholders, and that they were regularly credited with the reasonable value of the services rendered by them; and the conclusion of law that they were entitled to preferred claims was proper.

Appeal from an order of the superior court for King county, Frater J., entered March 15, 1905, in favor of labor claimants, after a hearing upon the receiver's report for the allowance of claims. Affirmed.

*Ballinger, Ronald, Battle & Tennant* and *F. E. Bright-man,* for appellant.

*Graves, Palmer, Brown & Murphy* and *Aust & Terhune,* for respondents.

1Reported in 83 Pac. 900.

CROW, J.—On or about October 27, 1904, an order was made in this action, appointing one H. R. Clise as receiver of the defendant, the Ballard Iron Works, a corporation. At said time the respondents John S. Darville, William Darville, and Charles House, stockholders in said corporation, and respondents R. M. Darville and R. J. Darville were all in its employ, having considerable sums of money due them for their personal services, as shown by books of said corporation. In compliance with an order of court, respondents filed their claims with said receiver, asking that the same be allowed as preferred claims for all sums severally due them for services rendered within six months prior to his appointment. The plaintiff, Cors & Wegener, a corporation, and the appellant Railway & Steel Supply Company, a corporation, as general creditors, objected to any allowance of said claims, but especially opposed their allowance as preferred claims. The receiver's report being presented to the court, a hearing was had for the purpose of determining whether said claims were entitled to allowance, and if allowed, were entitled to any preference.

Evidence was admitted and findings of fact were made by the trial court, from which it appears, that in August, 1902, said Ballard Iron Works was incorporated with a capital stock of $5,000; that at said time said John S. Darville, as a stockholder, was elected president, said William Darville as a stockholder was elected manager, and said Charles House as a stockholder was elected foreman of the foundry; and from said time until October 26, 1904, severally continued in such employments; that on September 15, 1902, at a special meeting of the stockholders of said Ballard Iron Works, at which all the stockholders were present, the following resolution was regularly passed and adopted:

"Ballard, Washington, Sept. 15, 1902.

"Upon a call from the president, the stockholders of the Ballard Iron Works met in special session, at the office of said company, at Fourth and Shilshole avenues, Ballard, Wash-

ington, on the 15th day of September, 1902. The meeting was called to order at eight o'clock Monday evening with President John S. Darville in the chair. The following stockholders being present: John S. Darville, William Darville, Charles House, Paul Hopkins, Andrew Anderson and E. J. Hopkins. The objects of the meeting being to settle the compensation of the stockholders working in the employ of said company, the following motion was made by Paul Hopkins and properly seconded and carried by Andrew Anderson; that William Darville as acting manager of the company receive one hundred ($100) dollars per month; John Darville, receive three and 50-100 ($3.50) dollars per day; and Chas. House receive four ($4) per day, provided that the business made this amount over and above all expenses. There being no further business before the meeting, the same was adjourned in proper form;"

that said resolution was transcribed into the minutes of the meetings of said stockholders; that all parties connected with the business management of said Ballard Iron Works thereafter treated said resolution as a nullity, and by crediting said John S. Darville, William Darville, Charles House, and others with the full amounts of wages severally due them, waived its provisions; that from the 15th day of September, 1902, until the date of the appointment of said receiver, a period of more than two years, said John S. Darville, William Darville, and Charles House had been credited with their salaries, and that said entries were made upon the books of said Ballard Iron Works, under the direction of said claimants and of the secretary of said company; that said incorporation never did a paying business; that the services actually rendered by said claimants were of the reasonable value and amounts credited to them respectively; that at the time of the appointment of said receiver there was due from said corporation for wages to said several claimants the following sums: John S. Darville, $467.55; William Darville, $585.31; R. M. Darville, $171.10; R. J. Darville, $97.20; Charles House, $333.27; that each of said claimants was at the time of the appointment of said receiver regularly in the

employ of said corporation and had been continuously so employed for more than six months prior thereto; that of the amounts so due said claimants, the following sums were due to each respectively, for wages earned within a period of six months prior to the appointment of said receiver: John S. Darville, $379.77; William Darville, $585.31; R. M. Darville, $109.80; R. J. Darville, $97.20; Charles House, $333.27; that the following additional sums were also due for wages earned within the year immediately preceding said period of six months: John S. Darville, $87.78; R. M. Darville, $61.30; that immediately upon the appointment of said receiver, said House filed with the auditor of King county a notice of lien for his claim, and that each and all of said .claimants filed with the receiver their several claims in conformity to law and the order of the court.

Upon said findings, conclusions of law, and an order of distribution were made, allowing as preferred claims the amounts severally due said respondents for their services rendered within the six months prior to the appointment of the receiver (Bal. Code, §§ 5919-5923), and allowing as general claims the additional amounts found due respondents John S. Darville and R. M. Darville, for services rendered by them prior thereto. From said order said Railway & Steel Supply Company, as a general creditor, has appealed.

The only assignments of error are that the trial court erred in making said findings of fact, except the finding that said resolution was regularly adopted at the stockholders' meeting on September 15, 1902, upon which resolution appellant now relies to defeat said claims; also, that the court erred in its conclusions of law and the final order made. Upon argument appellant's main contention is that the court erred in its finding to the effect that all parties connected with the business and management of the Ballard Iron Works treated said resolution of September 15, 1902, as a nullity, and by crediting the full amount of wages to the several respondents herein, waived the provisions of said resolution;

. appellant insisting that said 'finding is not supported by the evidence.

We have carefully examined all the evidence and conclude that all of the findings made by the honorable trial judge are fully sustained. The conduct of all the stockholders and interested parties, during the entire period of more than two years from the date of the adoption of said resolution to the date of the appointment of said receiver, shows that said resolution was not followed or observed in any respect by them. Amounts due the several employees, whether stockholders or not, were regularly credited to them upon the books, and although not settled in full, partial payments were regularly made thereon from time to time as they needed funds. Not only was this done, but the capital stock was afterwards increased, and thereupon respondents William Darville and John S. Darville each subscribed for additional stock to the amount of $500, and paid for the same with their earnings, the stock being charged to them upon the books of the company. There is no evidence showing or tending to show that appellant, as a creditor, ever knew of said resolution before the appointment of said receiver, or that it in any way relied on the same in extending credit to said Ballard Iron Works. The only question here involved is one of fact, and having determined that the findings made by the court are all supported by the evidence, we think the conclusions of law and final order made necessarily follow.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

ROOT, J., having been of counsel, took no part.