### KEYES v. DAVIE.

### In re CHEHALIS RIVER LUMBER & SHINGLE CO.

#### (Circuit Court of Appeals, Ninth Circuit. March 27, 1916.)

#### No. 2717.

1. BANKRUPTCY �851➔348—CLAIMS—PRIORITY—"PERSON PERFORMING LABOR."

The general manager of a corporation, who with his wife owned all but one share of the corporate stock, and who was appointed by a board of directors, consisting of himself, his wife, and his attorney, is not one "performing labor" for the corporation, who is entitled by Rem. & Bal. Code Wash. §§ 1149, 1150, 1153, to a priority for the balance of his salary due at the time the corporation filed a voluntary petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. �851➔348.

For other definitions, see Words and Phrases, Second Series, Person Who Performs Labor.]

2. BANKRUPTCY �851➔348—CLAIMS—PRIORITY—"SERVANT."

Nor was he a "servant" of the corporation, so as to be entitled to priority under Bankr. Act July 1, 1898, c. 541, § 64b, cl. 4, 30 Stat. 563 (Comp. St. 1913, § 9648), allowing a priority for the wages due to workmen, clerks, salesmen or servants, earned within three months before the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. �851➔348.

For other definitions, see Words and Phrases, First and Second Series, Servant.]

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Voluntary proceeding in bankruptcy by the Chehalis River Lumber & Shingle Company, bankrupt, in which W. W. Keyes was trustee. The claim of W. C. Davie to a prior lien was sustained by the referee, whose order was affirmed by the District Court, and the trustee appeals. Reversed.

Raymond J. McMillan, and Ernest K. Murray, both of Tacoma, Wash., for appellant.

Van M. Dowd, of Tacoma, Wash., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The bankrupt, a corporation, was engaged in the manufacture and sale of lumber and shingles. It employed

approximately 220 men. W. C. Davie, appellee here, was the corporation's general manager, employed at a salary of $300 per month. The corporation was adjudged a voluntary bankrupt on September 24, 1914. At that time there was due to Davie, as the balance of his salary earned within the six months next prior thereto, the sum of $587.55. For this amount he filed a claim in this proceeding, asserting a lien and priority therefor under and by virtue of the laws of the state of Washington. To this claim, in so far as it asserted a lien and priority, the trustee objected, for the reason that the claim did not state facts sufficient to entitle the claimant thereto. The referee overruled the objections. The District Court affirmed the referee's order. Thereupon this appeal was perfected.

[1] The question is whether appellee is entitled to a lien and priority under and by virtue of the statutes of the state of Washington. We think it very clear that he was not. Section 1149, Rem. & Bal. Annot. Codes and Statutes of Washington (Laws 1897, c. 43, § 1), reads as follows:

"Every person performing labor for any person, company or corporation, in the operation of any railway, canal or transportation company, or any water, mining or manufacturing company, * * * shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of its business, to the extent of the moneys due him from such person, company or corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor, as hereinafter provided; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."

Section 1150 of the same Code provides that no person shall be entitled to the lien given by section 1149 unless within 90 days after he has ceased to perform labor he shall file with the proper county auditor a notice of claim containing certain specified statements, and serve a copy of the notice within 30 days after filing. Section 1153 of the Code referred to is as follows:

"Whenever a receiver or assignee is appointed for any person, company or corporation, the court shall require such receiver or assignee to pay all claims for which a lien could be filed under this chapter, before the payment of any other debts or claims, other than operating expenses."

The appellee, Davie, was manager and president of the bankrupt corporation; he and his wife owned all but one share of the stock; he managed the whole property, hired and discharged all employés, looked after all orders, attended to all financial arrangements, and to the procuring and manufacturing of all timber. He expressed his own relationship to the corporation in this way: "I did everything. * * * I was the whole thing." His salary was fixed by the board of directors, which consisted of appellee himself, Mrs. Davie, his wife, and his attorney. We may well take appellee at his word that he was "the whole thing," for the evidence showed that he was carrying on a business which for every purpose was his own, and which he himself elected to wind up by voluntary bankruptcy in the federal court. He used the form of corporate organization for reasons doubtless sufficient as to general creditors, but which are not of enough strength

231 F.—44

to afford him priority over those who were employed by him to do labor for his corporation. Courts of bankruptcy will look through such a situation as the facts present, and will avoid the injustice of deciding that the owner and self-chosen directing manager of a corporation can through his practically exclusive control fix his own compensation as manager, and thereafter, when he has put his corporation into voluntary bankruptcy, claim a priority for moneys due to himself, as one who has performed labor, over those subordinates whom he has employed to do work.

[2] The general principle underlying statutes giving priorities to certain persons was discussed in Blessing v. Blanchard, 223 Fed. 35, 138 C. C. A. 399, where we held that the word "servant," as used in section 64b of the Bankruptcy Act, means a restricted class of subordinate helpers who work for wages, but who are not salesmen, workmen, or clerks, and that it did not include the manager of a business, notwithstanding that he may also have rendered services as a salesman. Judge Gilbert said:

"Priority of payment was intended for the benefit only of those who are dependent upon their wages, and who, having lost their employment by the bankruptcy, would be in need of such protection." In re Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489; Penn. & Del. R. R. Co. v. Leuffer, 84 Pa. 168, 24 Am. Rep. 189; In re Directors of American Lace & Fancy Paper Co., 30 App. Div. 321, 51 N. Y. Supp. 818; In re Carolina Cooperage Co. (D. C.) 96 Fed. 950; In re Greenberger (D. C.) 203 Fed. 583; In re Albert O. Brown (D. C.) 171 Fed. 281; In re Crown Point Brush Co. (D. C.) 200 Fed. 882; In re Continental Paint Co. (D. C.) 220 Fed. 189.

In Re Lawler (D. C.) 110 Fed. 135, Judge Hanford was of the opinion that the statute of Washington (already quoted) gives a lien of priority to a traveling salesman who worked upon a salary and who went from place to place exerting himself to find a market for the lumber manufactured by his employer. He expressed the general view that:

"All participants in carrying on the operation of the several different kinds of companies mentioned (in the statute) are entitled to liens."

But the facts before the court did not require so broad a construction; the case is not persuasive.

Cors & Wegener v. Ballard Iron Works, 41 Wash. 390, 83 Pac. 900, is cited by respondent. In that case the Supreme Court of the state, affirming findings of fact made by the lower court, sustained the priority of liens filed under the state law, quoted above, by certain claimants who were stockholders and officers in the corporation and who appear to have claimed wages as employés. The Supreme Court in its opinion discusses the evidence, but does not refer to the language of the statute, nor to its scope, further than to say that under the facts as found by the referee and lower court the claimants were entitled to priorities. The opinion expressly says that:

"The only question here involved is one of fact, and, having determined that the findings made by the court are all supported by the evidence, we think the conclusion of law and final order made necessarily follow."

It goes without saying that, if the Supreme Court of the state had construed the statute as generally applicable to one situated as was

the appellee in the case before us, we should follow that construction; but we think the case is not authoritative upon the point here involved.

Our opinion being that the claim of the appellee was not entitled to priority under the statutes of the state of Washington, we need not consider whether the state statute has been supplanted by Bankr. Act, § 64b, cl. 5, dealing with priority of liens, for plainly appellee cannot contend that he is included in those whose priorities are preserved by clause 4 of the federal statute.

The order of the District Court is reversed.