## William R. Borders v. Henry Uhe et al.

1. LIENS—*Of Miners for Opening and Developing Coal Mines.*—By the terms of the statute, a lien is given only for labor in " opening and developing a mine;" that labor might consist of sinking shafts, constructing slopes or drifts, mining coal, or the like, but to entitle the laborer to a lien it is restricted to " opening and developing " the mine.

**Bill for a Lien.**—Error to the Circuit Court of Randolph County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the August term, 1899. Reversed and remanded with directions. Opinion filed March 16, 1900.

**Statement.**—This action is upon a bill filed by complainant Uhe, and sixteen other miners, to have a lien declared and enforced against the real estate, consisting of eighty acres, machinery, appurtenances, etc., described in the bill. Complainants were employed by the American Coal Com-

pany, operating as a sub-lessee of plaintiff in error, who held a lease from the owners in fee. Subsequently he acquired an interest in fee to two-fifths of the eighty-acre tract. The American Coal Company failed to pay defendants in error what it owed them, and abandoned the possession, which was resumed by plaintiff in error. The bill avers that some of the coal mined by defendants in error was sold by plaintiff in error and money received for it by him.

The lien sought to be enforced is claimed under section 44 of chapter 93, Hurd's Statutes, which is as follows:

"That every laborer or miner who shall *perform labor in opening and developing* any coal mine, including sinking shafts, constructing slopes, or drifts, mining coal and the like, shall have a lien upon all the property of the person, firm or corporation owning, constructing or operating such mine, used in the construction or operation thereof, including real estate, buildings, engines, cars, mules, scales and all other personal property, for the value *of such labor* for the full amount thereof, upon the same terms, with the same rights, and to be secured and enforced as mechanics' liens are secured and enforced."

The section of the mechanics' lien law that defendants in error claim in connection with Sec. 44, *supra*, gives them a right to a lien, is as follows:

"That any person who shall, by any contract with the owner of a lot of land, or with one whom such owner has authorized or knowingly permitted to improve the same, * * * shall have a lien upon the whole of such tract of land or lot, and upon the adjoining or adjacent lots of such owner, constituting the same premises and occupied or used with such lot as a place of residence or business." Sec. 15, Chap. 82, Hurd's Statutes.

A. G. GORDON, attorney for appellants.

H. CLAY HORNER, attorney for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

A demurrer was filed to the bill and overruled by the

court. Plaintiff in error abided by his demurrer. The question, then, for decision, is, whether the allegations of the bill present a case under the statute, that entitles defendant in error to the lien claimed. If it is not authorized by the statute, the court erred in overruling the demurrer, as the lien, if any, is purely statutory.

It is nowhere averred in the bill that the work and labor performed, or any part of it, was in opening and developing any coal mines. By the terms of the statute, a lien is given only for labor in " opening and developing a mine." That labor might consist of "sinking shafts, constructing slopes or drifts, mining coal, or the like," but to entitle the laborer to a lien, such labor is restricted to " opening and developing " the mine. We can not presume that when the legislature used those limiting words, that nothing was meant by them; or, that so using them, a lien was intended to be given upon the real estate and appurtenances of a mine to every miner who dug coal in the mine after it was opened and developed. Neither does the section of the mechanics' lien law, referred to by counsel for defendants in error, remove the limitation contained in Sec. 44, *supra*, or in any way widen the application of the section. Its purpose is to point out how a lien, when it exists under Sec. 44, may be enforced.

The demurrer should have been sustained.

For the reasons above stated, the judgment of the Circuit Court is reversed and the cause remanded, with directions to sustain the demurrer.