## PIONEER MINING CO. et al. v. DELAMOTTE et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,833.

1. MECHANICS' LIENS (§§ 279, 280*)—SUIT TO ENFORCE—EVIDENCE.

The claimant of a mechanic's or laborer's lien has the burden of proof to show by legally sufficient evidence the accrual of the lien under the terms of the statute which creates it as well as under the terms of the contract under which the work was done, and notices of the claim of lien, required to be filed by the statute, while admissible to show compliance with such requirement, are not competent proof that the work was done, nor that it was done under the terms and conditions stated therein.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 556; Dec. Dig. §§ 279, 280.*]

2. MINES AND MINERALS (§ 113*)—WORK IN MINES—LIEN—ALASKA STATUTE—LABOR DONE ON MINE—"DEVELOPMENT."

Civ. Code Alaska, § 262, gives a lien for labor or material furnished in the "development" of a mine, but that does not include the ordinary work of a miner in the operation of a placer claim, having no relation to the development or improvement of the mine.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 234; Dec. Dig. § 113.*

For other definitions, see Words and Phrases, vol. 3, p. 2042.]

3. MECHANICS' LIENS (§ 157*)—PROCEEDINGS TO PERFECT—MISTAKE IN CLAIM.

Mechanic's lien statutes are to be liberally construed. and the fact that a lien claimant includes in his claim, through an honest mistake, a claim for services for which the statute gives him no lien, will not defeat the lien for other services within the statute also claimed, if the two can be separated.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 268–274; Dec. Dig. § 157.*]

4. MECHANICS' LIENS (§ 245*)—EQUITY (§ 339*)—SUIT TO ENFORCE—PLEADINGS AS EVIDENCE.

A suit to enforce a mechanic's lien under the Alaska Code is an equity suit, and the answer is admissible in evidence as in ordinary cases in chancery.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 428; Dec. Dig. § 245;* Equity, Dec. Dig. § 339.*]

---

5. CONSTITUTIONAL LAW (§ 248*)—ALLOWANCE OF ATTORNEY'S FEES—CONSTI-
TUTIONALITY OF STATUTE.

Civ. Code Alaska, § 270, providing that on the entry of judgment for the plaintiff in a suit to foreclose a mechanic's or laborer's lien the court shall allow him reasonable attorney's fees, is constitutional and valid.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 248.*]

Appeal from the District Court of the United States for the District of Alaska, Third Division.

Suit in equity by C. S. Delamotte and 19 others against the Pioneer Mining Company, A. H. Dunham, and others. Decree for plaintiffs, and defendants appeal. Reversed.

The appellees, 20 in number, brought their suit to foreclose laborers' liens upon the Gold Belt placer mining claim, Cape Nome recording district, Alaska. In the complaint the cause of suit of each lien claimant is separately alleged, the aggregate amount claimed being $2,103.75 for work and labor performed as miners. In each cause of action, it is alleged that the Pioneer Mining Company and A. H. Dunham were the owners of the claim; that on August 10, 1908, the owners made a lease to Margraf and McFarlane for a term of two years, and that thereafter the lease was assigned to C. H. Marsh, George Marsh, G. H. Marsh, and Harry Ashland, who formed a partnership under the name of the Northern Mining Company, and under that name operated the mining claim, and hired the appellees to perform work and labor thereon. In each complaint is set forth the length of time of the employment, and the agreed wages per diem, and each contains the allegation that the work was done in and upon and for the development and improvement of the premises with the knowledge and consent of the owners, who received royalties from the gold dust extracted therefrom. To the complaint were appended copies of the lien notices filed by each of the appellees. In those notices, among other things, the character of the work was described. In one it was alleged to be labor upon and for the development and operation of the said mining claim and that it consisted in digging, timbering, and sluicing. In the others it was alleged to be work performed in working, developing, mining, improvement, and the preservation of said mining premises, and that it consisted in running tunnels, drifts, stoping, timbering, and hoisting gold-bearing gravel, and sluicing the gold from the gold-bearing gravel. The appellants demurred to the complaint for want of facts sufficient to constitute a cause of action against them. The demurrer was overruled. The appellants then answered the complaint, admitting the execution and assignment of the lease, admitting that they had received royalties from their codefendants, and that they gave no notice of a disclaimer or nonresponsibility for work or liens upon or against said premises, and they alleged as an affirmative defense that a large part of the work done for which the liens were claimed was done upon placer claim No. 1, Flat creek, not owned by the appellants. Upon the issues so formed, the appellees offered in evidence each of the notices of liens, and the appellants admitted that said liens had been duly recorded and admitted the payment of the recording fees, but they objected to each of said liens on the ground that on their face they showed that the lien claimants were not entitled to liens, and that the notices did not comply with the statute, and for the reason that there is no statute of Alaska authorizing a lien against a mining claim. The objections were overruled, and no further testimony was offered. The appellants moved for dismissal of the suit on the grounds presented by their demurrer, but not for want of proof of the allegations of the complaint. Thereupon the court made findings of fact and conclusions of law, sustaining the appellees' claims of liens, and entered a decree foreclosing the same, and upon testimony offered as to a reasonable attorney fee in the suit awarded the appellees the sum of $160 attorney's fees. An order of severance was allowed, permitting the appellants to prosecute their appeal without the other defendants.

The statutes applicable to the case are the following:

"Sec. 262. Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman, and other persons performing labor upon, or furnishing material of any kind to be used in, the construction, development, alteration, or repair, either in whole or in part, of any building, wharf, bridge, flume, mine, tunnel, fence, machinery, or aqueduct, or any structure or superstructure, shall have a lien upon the same for the work or labor done or material furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or other person having charge of the construction, alteration, or repair, in whole or in part, of any building or other improvement as aforesaid, shall be held to be the agent of the owner for the purposes of this Code."

"Sec. 265. Every building, or other improvement mentioned in section two hundred and sixty-two, constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein; and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this Code, unless such owner or person having or claiming an interest therein shall, within three days after he shall have obtained knowledge of the construction, alteration, or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon the land, or upon the building or other improvements situated thereon." Carter's Civ. Code.

Roberts, Battle, Hulbert & Tennant, for appellants.

Shepard & Daly, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appellants contend that the appellees' notices of liens do not show or establish liens under the lien law of Alaska, and that the complaint does not state facts sufficient to constitute a cause of suit as against them. Section 262 of the lien law (Carter's Civil Code) in plain terms gives a lien on a mine to any person who performs work in its development at the instance of the owner or his agent, and it makes the person in charge of the mine the owner's agent, and section 265 declares that, if such work is in fact done for another than the owner, the owner may avoid liability therefor by giving notice that he will not be responsible for the same,

The important question in this case is whether the complaint and the lien notices show that the work of the appellees was of the character of work for which those sections grant a lien. The statute, although it is said to have been taken from the law of California of 1868, omits the specific provision of the California statute which gave a lien for the ordinary work of a miner in a mine, and it differs from the lien statutes of Oregon, California, Nevada, and Colorado, in that it limits the lien of the miner to work done in the development or improvement of a mine. It is conceivable that all of the work performed by the appellees in this case may have been development work, for the sluicing and extraction of the gold dust may have been incident to development, but it is not so alleged. The complaints, it is true, allege that the work was done for the development and improvement of the claim, and that it consisted in digging, timbering, and washing the gold from the gravel, but in 19 of the lien notices it is stated that the work

was done in "working, developing, mining, improvement and preservation of said mining premises, and consisted in running tunnels, drifts, stoping, timbering and hoisting gold-bearing gravel and sluicing the gold from the gold-bearing gravel," and in the other notice it is stated that the work "was labor upon and for the development and operation of the said Gold Belt claim, and consisted in digging, timbering, and sluicing." The allegations of the complaints in regard to the work done upon the claim and the character thereof were put in issue by the answer. Upon the trial no proof was offered to sustain any of those allegations. The notices of liens were offered and admitted in evidence, and seem to have been accepted by the defendants in the action as prima facie proof of the allegations of the complaint. In every such case the burden of the proof is on the lien claimant to show by legally sufficient evidence the accrual of the lien under the terms of the statute which creates it, as well as under the terms of the contract under which the work was done. Reese v. Bald Mountain Con. G. M. Co., 133 Cal. 285, 65 Pac. 578; Davis v. Alvord, 94 U. S. 545, 24 L. Ed. 283. The lien notices were admissible in evidence to show that the lien claimants had taken that requisite step to acquire their liens, but they were not competent proof that the work was done, or that it was done under the terms and conditions alleged therein, or as alleged in the complaint. If in the record before us there were competent proof that the work was all done in the development or improvement of the mine, we should hold, construing the lien law as we do, that there was no error in rendering the decree from which the appeal is taken. But at the close of the testimony the appellants moved to dismiss on various grounds, one of which was that the lien notices were insufficient in law, and that the complaint did not allege that the work was done upon any improvement. The miner's lien can be acquired only for such labor as is contemplated by the statute, and only by those persons to whom the statute plainly gives it. Borders v. Uhe, 88 Ill. App. 634; Lindemann v. Belden Consol. M. Co., 16 Colo. App. 342, 65 Pac. 403. It is the fair construction of the language of the lien notices, unexplained by testimony, that a portion of the work for which the appellees claim liens was done in the ordinary working and operation of the mine, and that they have claimed for services for which the statute affords them no lien. But it does not follow that their lien notices are invalidated thereby. Mechanics' lien statutes are to be liberally construed, with a view to effect substantial justice, and the fact that the lien claimant includes in his claim an item of his services for which the law gives him no lien will not defeat the lien if due to an honest mistake, and his lien in such a case may be enforced pro tanto if the true amount for which he is entitled to a lien may be segregated from the remainder. Springer Land Ass'n v. Ford, 168 U. S. 513, 18 Sup. Ct. 170, 42 L. Ed. 562; Salt Lake Hardware Co. v. Chainman Mining & Electric Co. (C. C.) 137 Fed. 632; Hooven Owens & Rentschler v. John Featherstone's Sons, 111 Fed. 81, 49 C. C. A. 229. For the error of enforcing the liens upon the evidence submitted, and over the denials of the appellant's answer, the decree must be reversed.

Two other questions are involved in the assignments of error which as they may arise on a new trial will be briefly noticed. It was not error to admit in evidence the answer of the appellants. The foreclosure proceeding is an equity suit, and the answer is evidence as in ordinary cases in chancery. 27 Cyc. 414; Tracy v. Rogers, 69 Ill. 662. Nor was there error in allowing attorney's fees to the appellees. Cascaden v. Wimbish, 161 Fed. 241, 88 C. C. A. 277; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204; Fidelity Life Asso. Co. v. Mettler, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922.

It is suggested that the lack of evidence to sustain the decree cannot be considered by this court for the reason that the bill of exceptions was not certified by the trial judge at the foot thereof, but by a separate order attached thereto, and, as supporting that proposition, reference is made to the decision of this court in Dalton v. Hazelet (C. C. A.) 182 Fed. 561. The statute of Alaska (section 223, p. 189, Carter's Political Code) provides that the bill of exceptions "when settled and allowed shall be signed by the judge and filed with the clerk." In Dalton v. Hazelet the record of the proceedings containing the bill of exceptions was filed with the clerk of the court on June 19, 1909, and an order of the court allowing the exceptions was filed with the clerk 10 days later. This court said:

"The last order was therefore a separate and distinct document. The so-called bill of exceptions and the signature of the judge to the order did not constitute a signature to the bill of exceptions."

The court found further ground for declining to consider the bill of exceptions in the fact that the exceptions were not filed with the clerk until more than six months after the entry of the decree, and that a prior order extending the time to settle the same had been made long after the time for filing the exceptions had expired, and at a time when the court had no authority to extend the time. In the present case the bill of exceptions was not signed by the judge, but an order settling and certifying the "foregoing bill of exceptions" was made in open court and signed by the judge, and that order and the bill of exceptions were filed with the clerk at the same time, and were indorsed, "Bill of Exceptions, Order Settling Bill of Exceptions." Those two papers, filed as they were at the same time, should be considered as one, and in our opinion they contain a sufficient certification of the exceptions to comply with the statute.

The decree will be reversed and the cause remanded to the court below for a new trial, with leave to the appellees to amend their complaints if they so elect.