### ANDREWS v. LADD.

(Circuit Court of Appeals, Ninth Circuit.  July 3, 1911.)

#### No. 1,912.

MINES AND MINERALS (§ 112*)—MINERS' LIENS—ALASKA STATUTE.

Carter's Ann. Civ. Code, Alaska, § 262, giving a lien for work done in the development of a mine, does not give a lien to a miner for work on a placer claim, such as sluicing and taking out the gold.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 233-235; Dec. Dig. § 112.*]

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

Suit in equity by Henry Ladd against J. R. Andrews. Decree for complainant, and defendant appeals. Reversed.

James B. Kinne and James W. Bell, for appellant.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellee brought a suit to foreclose laborers' liens on the Corning claim, on Bourbon creek, in the Cape Nome mining and recording district of Alaska, one of which liens, it was alleged, had accrued in his own behalf, and the others on behalf of other claimants, who had assigned to him. The court below allowed four of the claims, and entered a decree enforcing the same against the mining claim.

The complaint alleged that the work was done in developing the claim, and the lien notices also contained the statement that the work was done in developing the claim. The appellant in his answer denied substantially all of the averments of the complaint, including the allegation that the work was done in developing the mining claim. The bill of exceptions shows that no proof whatever was offered in the court below that the work done by the lien claimants was development work. One of them testified that he worked for the lessees of the claim, that they were operating the claim and taking out gold, and that his work was general mining work. The others testified that they "worked on the claim," stating the time during which they worked, and the wages they were to receive. There was other evidence showing that the work performed by the lien claimants was general mining work, done for the lessees of the mining claim, and not development work. For ordinary work upon a placer mining claim,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such as sluicing and taking out the gold, the statute of Alaska, as we have construed it in Pioneer Mining Co. et al. v. Delamotte et al. (C. C. A.) 185 Fed. 752, affords no lien to the miner.

For the error of the court below in allowing and enforcing the liens, in view of the issues and the evidence, the decree must be reversed, and the cause remanded for a new trial.