IRVINE v. McDOUGAL et al.

(Fourth Division. Fairbanks. March 3, 1915.)

No. 1938.

1. MINES AND MINERALS ⟨key⟩114—LIEN OF MECHANICS—DESCRIPTION OF PROPERTY.

A mechanic's lien, which describes the property upon which the lien is claimed as the Pioneer quartz mining claim, "situate at the head of Fairbanks creek on the left limit thereof, on the divide between said creek and Wolf creek," which is further aided by the allegation in the complaint that they are in "the Fairbanks precinct, Alaska," is a description of the property to be charged with the lien sufficient for identification.

2. MINES AND MINERALS ☞114—LIEN OF MECHANICS—NONLIENA-
BLE ITEMS.

The fact that a lien claimant included in his claim, through
an honest mistake, a claim for services for which the statute
gives no lien, will not defeat the lien for other services within
the statute also claimed, if the two can be separated.

Plaintiff in this action seeks to foreclose certain liens for
labor alleged to have been performed in the development
and improvement of the Pioneer quartz mining claim.

Plaintiff claims a lien for labor performed by himself and
by several other laborers whose respective claims have been
assigned to plaintiff.

The Pioneer quartz mining claim is described in each of
the several claims for mechanic's lien, and in plaintiff's orig-
inal complaint, as "situate at the head of Fairbanks creek on
the left limit thereof, on the divide between said creek and
Wolf creek."

Plaintiff's original complaint in this action was filed with
the clerk of this court August 21, 1913. The defendant
Healey demurred, and defendants Smith and Rutherford ap-
peared for themselves as trustees for the creditors of Angus
McDougal and filed a demurrer.

Defendants Smith and Rutherford demurred to each of the
several causes of action set forth in plaintiff's complaint, on
the following grounds: The complaint shows on its face that
this court has not jurisdiction of the parties or subject-matter;
the matters and things therein contained do not constitute a
cause of action against defendants or either of them; the
alleged claim of lien referred to therein is void on its face.

The court, on the 11th of October, 1913, having heard the
arguments of counsel for plaintiff and defendants, rendered
a decision sustaining the demurrers of defendants, and an
order in pursuance of said decision was duly filed; the plain-
tiff being allowed five days within which to file an amended
complaint.

In the written decision sustaining defendants' demurrers
the court said:

"It does not clearly appear from any of the allegations of the com-
plaint that the plaintiff or any of his assignors filed within the time
required by law a notice containing 'a true statement of his demand

after deducting all just credits and offsets,' or 'a description of the property to be charged with the lien sufficient for identification,' or 'that any notice of lien was filed' with the recorder of the precinct within which the premises sought to be charged with the lien are situated. It would seem, however, that a different rule should be followed in determining the effect of the pleadings in an action to foreclose a lien, especially where the pleading is amended at an early stage of the action, as in this case, from the rule to be followed in determining the sufficiency of a notice of lien which the lienor cannot correct or amend after the time limited for filing has expired. The complaint in an action of this kind should state all the ultimate facts necessary to be established upon the trial. This complaint seems defective in the particulars above stated; and defendants' demurrers are sustained, with leave to plaintiff to amend his complaint."

The order sustaining demurrers is as follows:

"It is ordered that said demurrers be and they hereby are sustained, upon the ground that said complaint does not state facts sufficient to constitute a cause of action, and the plaintiff is allowed five days within which to file an amended complaint."

On the 15th of October, 1913, plaintiff filed an amended complaint, in which said complaint the Pioneer quartz mining claim is described as "situated in the Fairbanks precinct, territory of Alaska, at the head of Fairbanks creek on the left limit thereof, on the divide between said creek and Wolf .creek." Plaintiff also alleges in each of the several causes of action set forth in plaintiff's complaint that each claim of lien was—

"filed for record in the office of the recorder of the precinct wherein said premises are situated, to wit, the Fairbanks precinct, Alaska, and a sworn statement, containing a true statement of his demand, after deducting all just credits and offsets, describing the premises sufficiently for identification, claiming a mechanic's lien for said amount upon said leasehold interest and upon said mining claim."

To plaintiff's amended complaint defendants Smith and Rutherford filed a demurrer on the 13th day of October, 1914, in which demurrer the said defendants demurred to the respective causes of action in plaintiff's amended complaint, on the following grounds:

"The complaint shows on its face that this court has not jurisdiction of the parties or subject-matter; the matters and things therein contained do not constitute a cause of action against defendants or either of them; the alleged claim of lien referred to therein is void on its face."

In support of defendants' demurrer it is urged by counsel that the alleged liens are void for the following reasons: First, because of lack of sufficient description of property; second, because of failure to describe the work performed with sufficient certainty; third, because there is a commingling of lienable and nonlienable items.

The reasons assigned are the same as in the demurrer to the original complaint.

Harry E. Pratt, of Fairbanks, for plaintiff.

C. H. Clegg and McGowan & Clark, all of Fairbanks, for defendants.

BUNNELL, District Judge. Plaintiff's right to a lien on the Pioneer quartz mining claim is claimed by virtue of the provisions of sections 691 and 695, Comp. Laws Alaska 1913, which sections are as follows:

"Sec. 691. Every * * * laborer * * * and other persons performing labor upon or furnishing material, of any kind to be used in the construction, development, alteration, or repair, either in whole or in part of any building, wharf, bridge, flume, mine, tunnel, fence, machinery, or aqueduct, or any structure or superstructure, shall have a lien upon the same for the work or labor done or material furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder, or other person having charge of the construction, alteration, or repair, in whole or in part, of any building or other improvement as aforesaid shall be held to be the agent of the owner for the purposes of this Code."

"Sec. 695. It shall be the duty of every original contractor, within sixty days after the completion of his contract, and of every * * * laborer, or other person, save the original contractor, claiming the benefit of this Code, within thirty days after the completion of the alteration or repair thereof, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, to file with the recorder of the precinct in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts."

The important question in this case presented on demurrer is whether the amended complaint, by alleging that the Pioneer

quartz mining claim is situated in the Fairbanks precinct, territory of Alaska, at the head of Fairbanks creek on the left limit thereof, on the divide between said creek and Wolf creek, remedies, so far as this pleading is concerned, the description in the exhibits attached to the complaint, the same being the several claims for mechanics' liens, in which the Pioneer quartz mining claim is described as situate at the head of Fairbanks creek on the left limit thereof, on the divide between said creek and Wolf creek.

"Fairbanks creek" is a geographical name known to every one in this immediate section. The records of the district court and those in the office of the commissioner for this precinct bear witness of this fact. The words "situate at the head of Fairbanks creek on the left limit thereof, on the divide between said creek and Wolf creek," cannot be considered insufficient for descriptive purposes. The "Pioneer quartz mining claim" is likewise a term well known, and the location of this mining property cannot be difficult to ascertain.

McCullough v. Olds, 108 Cal. 529, 41 Pac. 420, 421; Mee v. Benedict, 98 Mich. 260, 57 N. W. 175, 22 L. R. A. 641, 39 Am. St. Rep. 543; Coburn v. Stephens, 137 Ind. 638, 36 N. E. 132, 45 Am. St. Rep. 218; Phillips v. Salmon River Co., 9 Idaho, 149, 72 Pac. 886; Boisot on Mechanics' Liens, §§ 432, 433, p. 436—are cases and a reference heretofore cited. They appear to be controlling, and in rendering decision the court allowed plaintiff to amend his complaint in this particular, among others, so that it should contain "a description of the property to be charged with the lien sufficient for identification." The description contained in the amended complaint seems sufficient for identification, for the reasons above stated. The amended complaint further specifically alleges that each claim of lien was filed for record within the time allowed by statute "in the office of the recorder of the precinct wherein said premises are situated, to wit, the Fairbanks precinct, Alaska."

As to the second and third points urged by the defendants, the court calls attention to the case of Pioneer Mining Co. et al., v. Delamotte et al., 185 Fed. 752, 108 C. C. A. 90, in the Circuit Court of Appeals Ninth Circuit, from the Second judicial division, territory of Alaska.

It is stated in the syllabus:

"1. The claimant of a mechanic's or laborer's lien has the burden of proof to show by legally sufficient evidence the accrual of the lien under the terms of the statute which creates it as well as under the terms of the contract under which the work was done. * * *

"3. And the fact that a lien claimant includes in his claim, through an honest mistake, a claim for services for which the statute gives him no lien, will not defeat the lien for other services within the statute also claimed, if the two can be separated."

This appears to be a correct statement of the principle to be applied.

In the case of Horn v. Clark Hardware Co., 54 Colo. 522, 131 Pac. 405, 45 L. R. A. (N. S.) 101, it is stated in the syllabus:

"Including nonlienable articles in a claim for a mechanic's lien does not destroy the right to a lien for the articles properly lienable."

Plaintiff's amended complaint appears to state all the ultimate facts necessary to be established upon the trial. To hold that the notices of lien are absolutely void for the reason that they do not contain the name of the precinct in which the Pioneer quartz mining claim is located, when the precinct is named in the complaint to which the several notices are attached as exhibits, would be a failure to give to the notices of lien the liberal construction to which they are entitled in order that the very purpose of the statute may not be defeated. The demurrer is therefore overruled, and defendants are given ten days within which to answer.